Isaac M. Adams et al. v. James Abram.

*Certiorari—Costs—Service of attachment.*

Certiorari issues from the Supreme Court only where that process is necessary to prevent a failure of justice.

Costs are not allowed one who has obtained from the Supreme Court a writ of certiorari without showing that he did not have notice of the proceedings removed in time to avail himself of other remedies.

A return of a writ of attachment not served must show that a copy has been left at defendants' last place of residence in the county, or that there was no such last place of residence.

Certiorari to a justice of the peace.   Submitted January 24.   Decided January 29.

*G. C. Wattles* for plaintiffs in certiorari.  Jurisdiction to proceed in attachment is not obtained where service has not been made, if it is not shown that a copy of the writ was left at defendants' last place of residence or that he had no last place of residence in the county. *Nicolls v. Lawrence,* 30 Mich., 396; *Town v. Tabor,* 34 Mich., 265.

*Harrison Geer* for defendant in certiorari.

Cooley, J.  The defendant in error proceeded against the plaintiffs in error, who were non-residents of the State, by attachment issued by a justice of the peace. The writ was issued April 10, 1877, and was made returnable April 21.   The constable returned that he could not find any one of the defendants named in the writ in the county, but he did not return that he had left a copy of the writ at the last place of residence of any of the defendants in the county, or that there was no such last place of residence.   This was a fatal defect in the return.   The proceeding is special and statutory, and every precaution prescribed by the statute for bringing notice of the proceedings to the parties concerned must

be observed. Leaving such a copy at the last place of abode as required by the statute, Comp. L., § 5276, is presumably important, and cannot be omitted.

The plaintiff below proceeded against a garnishee, and having obtained from him a disclosure of indebtedness to the principal defendants, went on afterwards and obtained a judgment against those defendants under § 5290 of the Compiled Laws. The date of this judgment is May 29, 1877. June 15, 1877, an attorney for the defendants presented to a circuit court commissioner an affidavit for a certiorari from this court, reciting therein the facts, and averring his belief that the defendants themselves had no knowledge of the proceedings until after June 6, 1877. The writ was issued and return made, and for the defect in the constable's return already noted, the proceedings must be reversed.

We are of opinion, however, that costs ought not to be awarded on this reversal. There is no showing from the plaintiffs in error of the time when knowledge of these proceedings first came to them, except the belief of their attorney, which must be based upon hearsay. The allowance of a certiorari from this court is exceptional, and we are not inclined to favor it except where it is necessary to prevent a failure of justice. That was the ground on which it was allowed in *Withington v. Southworth*, 26 Mich., 381. These plaintiffs in error, for all that is shown here, may have known of the proceedings while they were pending before the justice, or in time to take their statutory remedy by appeal to the circuit court, or by removing the proceedings to that court by certiorari. In the absence of a showing on that subject, we will not award costs to a party who presumably has come to this court without necessity.

The other Justices concurred.