SAMUEL GUNZBERG AND AUGUST JACOBSON v. SAMUEL MILLER.

*Jurisdiction—Joint judgment.*

Joint judgment may be entered on a joint obligation against parties one of whom is outside of the jurisdiction and cannot therefore be lawfully served. Comp. L., §§ 6146-50.

Error to Superior Court of Grand Rapids. Submitted June 7. Decided June 18.

ASSUMPSIT. Defendants bring error.

*Simonds & Fletcher* for plaintiffs in error. Service upon one joint defendant within the jurisdiction does not give jurisdiction of another who is outside of it, *Hoag v. Lamont*, 60 N. Y., 96.

*Taggart & Wolcott* for defendant in error.

GRAVES, J. Miller, a resident of the city of Grand Rapids, brought suit in the Superior Court against the plaintiffs in error. It was commenced by declaration and described his residence but not that of plaintiffs in error.

The cause of action was a joint obligation of plaintiffs in error as partners and covenantors in a lease. Service was personal on Jacobson in the city and on Gunzberg in Berrien county. Jacobson pleaded the general issue, but Gunzberg declined to appear and his default was entered. The issue raised by Jacobson was tried by jury and Miller recovered and the court entered a joint judgment in common form against both Jacobson and Gunzberg, and they unite in bringing error. The objection taken to the judgment is that by service on Jacobson within the city and on Gunzberg elsewhere the court acquired no jurisdiction over Gunzberg, and that as he has not submitted to jurisdiction the judgment is erroneous.

The counsel for defendant in error not disputing the proposition that the court acquired no jurisdiction over Gunzberg by the service upon him, contends that the consequence drawn is fallacious. The position is that conceding the service on Gunzberg to be void, still the service on Jacobson was regular and his submission to the jurisdiction conclusive (*Grand Rapids, N. & L. S. R. R. Co. v. Gray*, 38 Mich., 461), and as the obligation sued on was joint, it was entirely regular to enter a joint judgment in the form actually pursued. Comp. L., §§ 6146–50. The court is of opinion that this position is right. The state of the case will admit of no question now. The plaintiffs in error stand as joint debtors and the judgment is in form against both. This the statute authorizes and hence there is no error. As to this, Mr. Gunzberg is in no worse position than any other joint judgment debtor not served.

The fact that ineffectual steps to effect lawful service on a joint debtor are taken cannot impair the right to enter a joint judgment, and in case there is an underlying question as to the sufficiency of the service in point of law to bind such debtor personally, it can only be solved when it comes up in some practical way and cannot be anticipated and ruled upon in advance. It

must be presumed that the court below will confine the enforcement of the judgment within lawful bounds and will not permit a defendant named in the record to be personally held unless he should be.

It will be time enough to consider whether Mr. Gunzberg ought to be so held when attempt is made to enforce the judgment against him in a mode and to an extent not permitted by the statute relating to joint debtors in respect to such as are not served.

No error is shown and the judgment must be affirmed with costs.

The other Justices concurred.