MARQUETTE & PACIFIC ROLLING MILL COMPANY v. PHILIP MORGAN.

*Presumption in favor of judgment—Return to Certiorari.*

All reasonable intendments must be made in support of a judgment rendered in the proper tribunal on due service and without defense.

The party moving for certiorari must make out a clear case.

If a justice's return to a writ of certiorari is defective, the party moving for it should call the justice's attention to it by an order for farther return.

On certiorari to a justice it cannot be presumed that he did not have evidence on all essential points, unless the evidence is all returned or unless the return affirmatively shows that on some essential point it was lacking.

Error to Marquette. Submitted June 12. Decided July 1.

ASSUMPSIT. Defendant brings error.

*Dan H. Ball* for plaintiff in error.

COOLEY, J. Morgan sued the Rolling Mill company to recover the amount of a seven dollar order drawn by the company, payable in goods at the store of Mead & Co. to Joseph Bunch or bearer. The summons was properly served, but the company did not appear on the return day, and the plaintiff proved his case to the satisfaction of the justice and took judgment. Defendant then removed the case to the circuit court by certiorari, where it was affirmed. It is now before us on writ of error.

The errors assigned by the affidavit for certiorari were that the plaintiff's evidence before the justice was not sufficient to make out a case in several particulars which are specified. As the proper tribunal in which to contest such petty demands is the justice's court, all reasonable intendments must be made in favor of a

judgment rendered as this was, on due service and without defense. The justice returned that as he did not anticipate a certiorari, he did not keep full minutes of the evidence, but only notes for his guidance in arriving at a just conclusion, and he does not pretend to return the whole evidence. He shows, however, that plaintiff proved that the order was transferred to him for value; that it was burned up without his fault; that he never assigned it to any one, and never obtained any pay upon it; that it was a customary thing for the defendant to pay its employees by such orders; that after the order was destroyed he had spoken to Mr. Mead and Mr. Scudder about it, and told them it was destroyed, and asked them what they would do about it, and got no satisfaction from them: that he demanded money or another order from Mr. Wheaton, and told him the order was destroyed, and that Mr. Wheaton refused to pay it or give another order for the amount.

It does not appear from the justice's return who Mr. Wheaton was, or in what relation, if any, he stood to the Rolling Mill company. Scudder appears in this case as the representative of the company, and made on its behalf the affidavit for a certiorari. The return therefore shows that plaintiff made an effort to get the amount of his order, first, from the drawees, and next from Scudder, who in some capacity was acting for the company. It is incumbent on the moving party in certiorari to make out a clear case; and it is consistent with all that appears by the return that the plaintiff's proof was not defective. Technical objections are easily made to the showing as it appears in the return; but we have perhaps as full a showing as was to be expected under the circumstances, and if defendant claimed that in any particular it was defective, he should have called the attention of the justice to it by an order for a further return. We cannot presume that the justice did not have evidence upon all essential points unless we know that all the evidence is before us, or

unless we have his return affirmatively showing that on some essential point evidence was wanting. In this case we have not all the evidence, and we do not know that the evidence failed at any point.

The judgment will be affirmed with costs.

The other Justices concurred.