## WILLIAM L. RALSTON ET AL. v. HENRY CHAPIN AND GEORGE REPPART.

*Practice—Service on joint defendants—Rule to plead—Affidavit to sustain motion to strike plea from files—Seizure on execution.*

Declaration in an action on a judgment was served on one of two joint defendants and he appeared and pleaded. The other was not served, but at the term when the case was to be tried, and before trial, though after some depositions had been taken, he appeared and pleaded also. On plaintiff's motion, his plea was stricken from the files. *Held* error.

Any defendant against whom process has issued at common law or in equity has the right to appear without service, and defendants, whether joint or not, may always protect their rights by doing so seasonably.

In Michigan the plaintiff in an action against joint defendants is allowed to proceed on service against only one defendant. But process must issue against all, and the intentional omission to serve either defendant, if seasonably found within the jurisdiction, would be an abuse of the writ. And the judgment, though joint in form, preserves all rights which defendants would have at common law.

In suits by declaration against joint defendants the rule to plead must be entered against all; and the filing of declaration, entry of rule to

plead and service on any defendant puts the case on the footing of an issue of any other joint process served on a defendant.

An affidavit that joint defendants have no joint property within the State is insufficient to sustain a motion to strike from the files a plea entered by one of them who has not been served with the declaration, as it does not negative the possibility that they may have such property when judgment is rendered.

The right of seizure on execution is not confined to property within the State at the time of suit or of judgment.

Case made from Bay. Submitted October 5. Decided October 18.

· Assumpsit. Plaintiffs had judgment below. Reversed.

*Hatch & Cooley* for appellants. The Joint Debtor Act does not limit the right of defendants not served to appear and plead at any time before final judgment: Comp. L. § 6146; it was devised tó avoid the delay and inconvenience of prosecuting to outlawry a defendant not served, without which judgment could not be rendered against those who had been served: *Brooks v. McIntyre* 4 Mich. 316, 321; and at common law a defendant not served might appear at any stage of the proceedings: 1 Tidd's Pr. 134; *Goebel v. Stevenson* 35 Mich. 172, 185.

*Holmes, Collins & Stoddard* for appellees. The Joint Debtor Act of Michigan is taken from New York: 3 Rev. Stat. (N. Y.) tit. 6, pt. 3, ch. 6, art. 1, § 1; and is constitutional: *Brooks v. McIntyre* 4 Mich. 316, 321; *Barton v. Petit* 7 Cranch 94,288; *Milne v. Huber* 3 McLean 212; its effect is to permit the plaintiff to proceed to judgment, as if all had been served: 1 Cowan's Treatise §§ 926, 927; Graham's Pr. 192 and 359; 1 Burrill's Pr. 227 and 293; even if one defendant be an infant: 1 Burrill's Pr. 277; *Mason v. Denison* 11 Wend. 612: 15 Wend. 64; and the defendant not served is not, strictly speaking, a party to the cause at all: *Goebel v. Stevenson* 35 Mich. 172, 185; the defendant served may confess judgment and so bind the joint property: *Pardee v. Haynes* 10 Wend. 630; *Emery v. Emery* 9 How. Pr. 130; but the judgment is no evidence

of any personal liability, and does not constitute a debt against the party not served: *Lane v. Salter* 51. N. Y. 1 and 5; and is not entitled to any faith or credit out of the State where rendered: *D'Arcy v. Ketchum* 11 How. 171; in an action on such judgment the defendant not served may make any defense that he might have made had he been brought in in the original case: *Carman v. Townsend* 6 Wend. 206; *Eddy v. O'Hara* 14 Wend. 221; *Oakley v. Aspinwall* 4 N. Y. 514: 13 N. Y. 500; and if the defendant not served pleads *nul tiel record*, the plaintiff is bound to show his liability by evidence other than the judgment: *Mervin v. Kumbel* 23 Wend. 293; and plaintiff may bring action against defendant on the original demand: *Bonesteel v. Todd* 9 Mich. 371.

CAMPBELL, J.   Suit was brought in the Bay circuit court on two judgments against defendants, by 'assignees of the judgments.   The action was begun by declaration which was served on Chapin who regularly appeared and pleaded on the 7th day of June, 1881.   Before the case was tried, but at the term in which it was to be tried and after certain depositions had been taken, the other defendant Reppart appeared and pleaded, having never been served with declaration.   Thereupon plaintiffs moved to set aside this plea as unauthorized, and the motion was granted and the plea stricken out.   Exceptions were taken on the trial upon various points presented, and the judgment rendered against defendants jointly is brought up for review on those questions and on the disposal of the plea.

We think the defendant had a right to appear and plead as he did before the trial.   Whether in such a case he could have postponed the trial is a very different question which does not arise on this record.

There is no doubt of the right of any defendant at common law or in equity against whom process has issued, to appear without service.   Whether it could be done generally before any process issued does not seem very clearly settled, as the rules of court adopted by the King's Bench and Exchequer have limited the power, and very little appears

·on the subject. But in any case where such an appearance was put in to save a right or protect an interest, it seems to have made no difference whether process was out or not. See 1 Salk. 64; Com. Dig. "Pleader, B. 1;" 1 Tidd Pr. 238. And an appearance before the writ was returned or when it has expired without service has been held good. *Richardson v. Daley* 7 Dowl. Pr. 25; *Moore v. Watts* 1 Ld. Raym. 616; *Fanshaw v. Morrison* 2 Ld. Raym. 1138; *Wynne v. Wynne* 1 Wilson 39; 1 Tidd Pr. 238; 1 Wait Pr. 500, 559.

The right of joint defendants in equity and at law is well recognized. *Waffle v. Vanderheyden* 8 Paige 45; *Higgins v. Rockwell* 2 Duer 650; *Wellington v. Claason* 9 Abb. 175. And defendants whether joint or not may always protect their rights by appearing without service. Hoffman Ch. Pr. 170; *Fell v. Christ's College* 2 Brown Ch. 279; *Bowbee v. Grills* 1 Dick. 38; Jennison's Ch. Pr. 41; 1 Dan. Ch. Pr. 539, 540; 1 Barb. Ch. Pr. 81, and cases above cited.

The common-law practice in suing joint debtors required plaintiff to exhaust all means of reaching both defendants before he could get judgment against either. Our statutes have simplified this practice, and allowed the plaintiff to proceed on service against one defendant alone. But they require process to issue against all. Comp. L. § 6146. And if an officer should intentionally omit to serve either defendant, if found seasonably within his bailiwick, it would be an abuse of his writ. When suit is brought by declaration the rule to plead must be entered against all defendants; and we cannot suppose the Legislature meant to draw any line between the two classes of process. The filing of declaration and entry of rule to plead, and service on any defendant, must necessarily put the case on the footing of an issue ·of any other joint process served on a defendant.

Under our statutes the judgment rendered in such cases is not a sole judgment. It is joint in form, and for some purposes is declared to be joint in substance. We need not now consider whether all of the statutory regulations are

capable of enforcement according to the letter of the law. We must at any rate hold that the judgment and proceedings were intended by the Legislature to retain all rights of defendants which were at common law connected with such consequences as the law has asserted against them.

The statute expressly allows the execution to be levied on property owned by either defendant as a partner with the other defendant served, and it also contemplates that the judgment shall be evidence of the extent of the plaintiff's demand. It is quite evident that one party might by collusion with a creditor enable him to reach partnership property and appropriate it unjustly, unless the co-partner could intervene; and it might also be possible by collusion to produce serious difficulties and complications beyond this. It would facilitate fraud to shut out any party from vindicating his interests and we do not think any such consequence is to be tolerated. Plaintiffs having called on both defendants to appear and plead, cannot prevent such appearance if made before such rights have become fixed as would render it improper. And courts should favor the appearance of parties so as to make their judgments, when rendered, effectual for all purposes.

Regarding this appearance in the present case as a matter of right, we do not think it could be prevented by any such counter showing made on affidavit as was attempted below. But we may also remark that the affidavit filed on behalf of plaintiffs contains no responsible statement of material facts within the knowledge of affiant, and could therefore form no basis for substantial relief. And it may be further suggested that a showing that there is no joint property within the jurisdiction is no evidence that such property may not in the future be brought there. The right of seizure is not confined to property existing within the State at the time of suit or of judgment.*

---

*The following is the affidavit relied on:

*State of Michigan, County of Bay—ss.:* John L. Stoddard, being duly sworn, says that he is one of the attorneys for the plaintiffs herein and has the charge of said case on their behalf; that no service of the declaration filed herein by which this cause was commenced, or of any copy

We think the court erred in striking out the plea.

The objections raised to the certification of the judgment and other proceedings we do not pass upon. It is quite possible that by resort to the statutes of Ohio [where the judgments sued upon were rendered] such explanations may be given as will show that the judgments had become final if there is any doubt on that matter. On a future trial any defects of proof may perhaps be supplied. We do not think it necessary, therefore, to consider how far such defects may exist.

The judgment must be reversed with costs, and the case remanded for repleading and further proceedings.

The other Justices concurred.

---

thereof, or of any process whatever, has been made upon the defendant Reppart; that said defendant Reppart does not reside within this State, and so far as deponent can learn and as he verily believes, said Reppart never has resided therein; that so far as deponent knows said Reppart has no knowledge whatever of the commencement of this suit; that the defendants herein have no joint property whatever within this State, or any property of any kind or description in which they are jointly interested, either as partners, joint owners or tenants in common, or otherwise, either within this State or elsewhere, as deponent is informed by defendant Chapin, and as he is advised by information received from other sources and which he verily believes to be true; and deponent is also informed and believes that said Reppart has no property of any kind or description within this State.                    JOHN L. STODDARD.