The other Justices concurred.

---

ED. SEGAR v. THE MUSKEGON SHINGLE & LUMBER COMPANY.

*Justices' courts—Garnishment—Service of process—Summons—Attachment—Adjournment—Plea of general issue—Jurisdiction.*

1. Where the judgment against the principal defendant is *void*, the garnishee proceedings must fall with it.

2. The plea of the general issue waives only such jurisdictional defects as appear on the face of the declaration.

3. By pleading the general issue to a declaration in *assumpsit* for money had and received, based on a disclosure of indebtedness, the garnishee defendant does not waive the right to object to the proceedings in the original suit as void for want of jurisdiction.

4. A garnishee defendant has a right to presume that the proceedings in the original suit are regular, it being the duty of the plaintiff to see that he has a valid judgment against the principal defendant, which will protect the garnishee defendant in any suit thereafter brought for the same debt or property.

5. A presumption arises from the issuance of a *long* summons that the defendant is a resident of the county in which the justice resides.

6. Where a defendant is proceeded against by attachment, under How. Stat. §§ 6327, 6828, 6841, on failure to secure personal service of a justice's summons, the return of the officer must show that he left a copy of the summons and of the attachment at defendant's last place of residence in the county, or that he had no such last place of residence, in order to give the justice jurisdiction to render judgment.

7. An unauthorized adjournment ousts a justice of jurisdiction.

Error to Muskegon. (Dickerman, J.) Argued May 15, 1890. Decided June 6, 1890.

*Assumpsit.* Defendant brings error. Reversed, and garnishee proceedings quashed. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for appellant.
*DeLong & O'Hara,* for plaintiff.

GRANT, J. Suit was commenced by summons before a justice of the peace against Cyrus W. Utley. Summons was issued April 5, returnable April 15. On the return-day the officer returned the summons, certifying that he was unable to find the defendant within his county. An *alias* summons was thereupon issued, returnable April 19. The officer returned this summons, certifying that he was unable to find the defendant within the county.

Plaintiff thereupon made and filed with the justice an affidavit for attachment as a further continuance of his suit, under How. Stat. § 6828. The writ was issued, returnable April 27, when the officer returned it, certifying that he was unable to find the defendant within the

county. The usual bond in attachment was filed with the justice. The justice, on motion of the plaintiff, adjourned the cause to May 28, at 1 o'clock P. M. On May 28 the justice, without any showing, adjourned the cause to May 29, at the same hour, when he returns that, the defendant not appearing, and after waiting one hour, he proceeded with the trial, and rendered judgment in favor of plaintiff.

Upon the commencement of the suit against Utley, plaintiff also filed his affidavit in garnishment against the defendant company. Summons was issued against it, and upon the return-day it filed its disclosure, disclosing an indebtedness to Utley. The garnishee cause was then adjourned to await the result of the suit against Utley. After the rendition of judgment against him, the defendant company was summoned to show cause why judgment should not be rendered against it. The company appeared, and to the plaintiff's declaration pleaded the general issue. The case was then adjourned. Upon the adjourned day the defendant did not appear, and judgment was rendered against it. It appealed to the circuit court, in which a trial was had, and judgment rendered in favor of plaintiff.

Upon the trial in the circuit court plaintiff offered in evidence the record of the judgment rendered against Utley. To this evidence the defendant objected because—

1. The justice never had jurisdiction of the person in said cause against the principal defendant, as there had been no service, substituted or otherwise.

2. If he had obtained jurisdiction, it was lost by the adjournment from May 28 to May 29.

It is just to the defendant to say that it gave evidence to show that the disclosure was a mistake, and that in fact it was not at that time indebted to Utley. This evidence was not controverted except by the disclosure itself.

We must presume that Utley was a resident of the county, since a long summons was issued against him, whereas if he had been a non-resident a short summons should have been issued. How. Stat. § 6830.

If the defendant could not be found, it was then the duty of the officer to leave a copy of the summons at defendant's last place of residence (Id. § 6827), and also a copy of the writ of attachment (Id. § 6841). This the officer did not do, nor did he return that there was no such last place of abode, and therefore the justice obtained no jurisdiction. *Adams v. Abram*, 38 Mich. 302. The adjournment from the 28th to the 29th was unauthorized, and the justice would thereby have lost jurisdiction, if previously acquired. How. Stat. §§ 6899, 6903.

Plaintiff's counsel appear to concede that the proceedings before the justice were fatally defective, for they make no argument to sustain them; but they contend that the defendant should have raised its objections before the justice, and that it waived the objections by the plea of the general issue. The defendant was under no obligation to examine the proceedings in the principal suit before pleading. It had a right to presume that they were regular, and was entitled to make the objection when the testimony was offered. That the proceedings were void was wholly the fault of the plaintiff. It was his duty to see that he had a valid judgment against Utley, which would protect the garnishee defendant in any suit afterwards brought by Utley against it for the same money. The plea of the general issue waives only such jurisdictional defects as appear on the face of the declaration. The declaration against the defendant company was in *assumpsit* for money had and received, and did not set forth the record in the principal suit. The

judgment against Utley being void, the garnishee proceedings must fall with it.

Judgment reversed, with costs, and the garnishee proceedings quashed.

The other Justices concurred.