WILLIAM H. TALBOT ET AL. v. FRANZ KUHN.

*Justices of the peace—Failure of defendant to appear—Jurisdiction.*

1. It is not a valid objection to a justice's docket, when offered as evidence of a judgment rendered against a defendant who did not appear, that it fails to show that the justice waited one hour after the return hour for the defendant to appear.

2. A justice of the peace who has acquired jurisdiction over the person of a defendant by service of process does not lose it by failing to wait one hour after the return hour for him to appear before rendering judgment against him, but the *irregularity* should be corrected by special appeal or *certiorari* in the same suit; citing *Smith v. Brown*, 34 Mich. 455; *Chair Co. v. Runnels*, 77 Id. 104.

Error to Wayne. (Gartner, J.) Submitted on briefs November 6, 1891. Decided December 21, 1891.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*J. G. Dickinson,* for appellants.

*Walter Barlow,* for defendant.

CHAMPLIN, C. J. The record in this case shows that the suit was brought before a justice of the peace; that the declaration was in *assumpsit* on all the common counts, and specially on a certain judgment rendered by Felix A. Lempke, a justice of the peace for Wayne county, May 21, 1885, for the sum of $121.69 damages and $1.50 costs, which said judgment was removed by transcript to the circuit court, June 14, 1887, the same being file No. 1,596 in said circuit court. The plea was the general issue, and the result a judgment for defendant.

The plaintiffs appealed to the circuit court, and, to maintain the issue on their part, offered in evidence the original docket entry of the judgment, as follows:

" Justice's Docket. F. A. Lempke, Justice of the Peace.
" Liber 2, page 134.
" No. 930.

" William H. Talbot,
  Henry D. Wilmarth,
  Charles N. Wilkins,
  George W. Wheaton,
  Newell Sturtevant, Copartners
   doing business as Talbot, Wilmarth
  & Co., Non-residents,
       v.
    Franz Kuhn.

*Assumpsit.*
J. G. DICKINSON,
Attorney for Plaintiffs.
JOHN PROMSTELLER,
Constable.

" 1885.

" May 18. Summons issued, returnable before me May 21, at 9 A. M.

" May 18. Summons returned personally served by Constable Promsteller.

" May 21, 9 A. M. Case called, plaintiffs in the court. Plaintiffs declare in an action of *assumpsit* upon all the common counts, and claim damages in three hundred dollars ($300) or under.

" Defendant does not appear. Julian G. Dickinson sworn in behalf of the plaintiffs, and proves his authority to appear. I

thereupon render judgment in favor of the plaintiffs, and against the defendant, for the sum of one hundred and twenty-one dollars. and sixty-nine cents ($121.69) damages, and $1.50 costs.

" FELIX A. LEMPKE,<br>" Justice of the Peace."

The defendant objected to the introduction of the docket in evidence, for the reason that it does not show that the justice waited one hour after the return hour in. the writ within which to allow the defendant to appear. The court sustained the objection, and excluded the docket. Plaintiffs offering no further proofs, the court directed a verdict for defendant.

The only error assigned in this Court is the exclusion of the docket introduced to prove the judgment, on the ground that such docket entries do not show that the justice waited one hour after the return hour in the writ within which to allow the defendant to appear.

There is no statute requiring the justice to wait one hour for the defendant to appear. Section 6915 of Howell's Statutes provides that—

" Whenever a defendant who has been personally served with a summons, attachment, or writ of replevin, or who shall have procured an adjournment without having joined issue, shall neglect to appear and join issue, the justice shall proceed to hear the proofs and allegations of the plaintiff, and determine the same as above prescribed."

Sections 6869 and 6870 provide that the party may appear in person or by attorney, and, if by attorney, his authority so to appear shall be proved in all cases where the opposite party shall not appear.

Section 6938 provides that judgment of nonsuit shall be entered against the plaintiff for failure to appear on the return of process within one hour after the same was returnable. This provision, by judicial construction of

the statute, has extended the same privilege to the defendant. *Bossence v. Jones,* 46 Mich. 492. But it is a privilege, and not a jurisdictional requirement, as to the defendant, and must be taken advantage of by seeking a correction of the irregularity in the same suit by special appeal or *certiorari. Smith v. Brown,* 34 Mich. 455; *Grand Rapids Chair Co. v. Runnels,* 77 Id. 104. On the other hand, the statute expressly requiring the justice to render a judgment of nonsuit against the plaintiff who fails to appear within the hour, he loses jurisdiction at the expiration of that time if the plaintiff fails to appear. The docket must show that the plaintiff appeared within the time in order to show that the justice retained jurisdiction. *Redman v. White,* 25 Mich. 526; *Brady v. Taber,* 29 Id. 199; *Mudge v. Yaples,* 58 Id. 309; *Post v. Harper,* 61 Id. 434; *Wedel v. Green,* 70 Id. 642. Having acquired jurisdiction of the defendant by due service of process, the justice did not lose jurisdiction by not waiting one hour after the time stated in the process for his appearance. If he proceeded within that time, and took a "snap judgment," the defendant could, by timely application to the proper court, have had it reversed for this irregularity.

As no other objection was raised either in the court below or by the assignment of errors, none will be noticed.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.