## JULIA E. FOWLER v. JOHN F. BREDIN.

*Summary proceedings—Circuit court commissioner—Appearance of defendant.*

A circuit court commissioner is not obliged to wait one hour, after the time at which a summons in summary proceedings to recover the possession of land is made returnable, for the defendant to appear.

Error to Muskegon. (Dickerman, J.) Argued November 23, 1893. Decided December 8, 1893.

Summary proceedings to recover the possession of land. Complainant brings error. Reversed. The facts are stated in the opinion.

*Turner, Turner & Turner,* for appellant.

*Nelson DeLong,* for defendant.

LONG, J. Summary proceedings were commenced by complainant against the defendant before a circuit court commissioner for the possession of certain premises, under the provisions of How. Stat. chap. 286. The summons was made returnable on April 1 at 9 o'clock in the forenoon, and was personally served on defendant. Complainant appeared at the hour stated in the summons; and the commissioner, after waiting some 10 or 15 minutes, and the defendant not appearing, proceeded to hear the case, and rendered judgment in favor of complainant. Defendant removed the cause to the circuit court by special appeal, where the judgment of the commissioner was reversed on the ground that the commissioner was in error in not waiting one hour for the defendant to appear. The cause comes to this Court by writ of error.

It is claimed by the defendant that the proceedings before a circuit court commissioner are made to conform as nearly as may be to the proceedings on trials in justices'. courts, under the provisions of How. Stat. §§ 8290, 8291, 8299, and that the commissioner has no right to proceed to trial upon the arrival of the hour at which the summons is made returnable unless the defendant be present. The provisions of the statute have no reference to the time at which the trial may commence. It is true that in justices' courts it is held to be error for the justice to proceed to trial, in the absence of the defendant, until after the lapse of one hour; but this is in view of the statutory provisions relating to the time for the appearance of the plaintiff.[1] No such provisions are found in the statutes relating to courts held by circuit court commissioners. Under the provisions of the statute above cited, jurisdiction is conferred upon justices of the peace, in certain cases, to hear and determine the questions; but in *Dibell v. Brinkerhoff*, 22 Mich. 373, it was held that this jurisdiction was special, and to which the justices' act had no application. In the absence of any statutory provision upon the subject, we see no valid reason for holding that the commissioner was compelled to wait one hour for the defendant to appear.

The judgment of the court below must be reversed, and the cause remanded for trial on the general appeal. Complainant will recover costs of this Court.

HOOKER, C. J., MCGRATH and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.

---

[1] See *Talbot v. Kuhn*, 89 Mich. 30.