REED v. PARKER.

JUSTICES' COURTS—JOINT DEFENDANTS — ADJOURNMENTS— JURIS-
DICTION.

> Where the record of a judgment in a justice's court does not
> show that the action was on any contract or obligation, or in
> what county the defendant not served was to be found, or
> that the *alias* summons issued was directed to the sheriff or a
> constable of the county where such defendant might be
> found, or that the justice indorsed on the *alias* what defend-
> ant had been served in the county where suit was commenced,
> as required by 1 Comp. Laws, § 720, providing for bringing
> suit in justice's court against two or more joint defendants,
> one of whom may be found in the county, a judgment
> rendered after an adjournment of 11 days on the justice's own
> motion is void as to both the nonresident defendant and the
> one served in the county.

Appeal from Genesee; Wisner, J. Submitted May 15,
1903. (Docket No. 87.) Decided July 8, 1903.

Bill by Dewitt C. Reed, Herbert C. Reed, and Moses
Hill against Grant Parker, John W. Dunstan, Marshall L.
Stringer, Zachariah Stringer, and Edgar J. Osband, in aid
of execution. From a decree dismissing the bill, com-
plainants appeal. Affirmed.

*Brown & Farley*, for complainants.

*Lee & Parker* (*Edward J. Bissell*, of counsel), for
defendant Marshall L. Stringer.

CARPENTER, J. This is a bill in aid of an execution.
Except in the particular that the complainants are differ-
ent individuals, and had a different judgment, the facts
are precisely like those in the case of *Morley Bros.* v.
*Stringer*, 133 Mich. 690 (95 N. W. 978). The only question,
therefore, which demands discussion, relates to the validity

of the judgment upon which complainants base their claim to relief. The court below, as we infer from the record, determined complainants' judgment to be void, and for that reason dismissed their bill.

The judgment relied upon was rendered by a justice of the peace in the county of Genesee. The transcript of his docket, so far as material to the discussion in this case, is as follows:

"Dewitt C. Reed, Herbert C. Reed, and Moses Hill, a Copartnership, *v.* Grant Parker and John W. Dunstan, a Copartnership, Doing Business under the Name of Grant Parker and John W. Dunstan.

"Suit commenced by summons July 8, 1893. Summons issued and returnable at my office, in the city of Flint, Michigan, on the 18th day of July, 1893, at one o'clock p. m.

"July 18, 1893. Summons returned personally served on Grant Parker, one of the defendants (the other being out of the county), by M. P. Branch, deputy sheriff, July 10, 1893.

"July 18, 1893, one o'clock p. m., at my office, in the city of Flint. Suit called. Plaintiffs in court by their attorney. Court held open for one hour, and defendants did not appear. Suit adjourned to July 29, 1893, at one o'clock p. m., at my office, in the city of Flint. *Alias* summons issued on July 18, 1893, and returnable at my office, in the city of Flint, July 29, 1893, at one o'clock in the afternoon.

"July 29, 1893. Summons returned personally served on John W. Dunstan, one of the defendants, July 21, 1893, in Oakland county, Michigan, by Frank E. Jenkins, deputy sheriff.

"July 29, 1893, at my office, in the city of Flint, at one o'clock p. m. Suit called. Plaintiffs in court by their attorneys, Sayles & Sayles, who were sworn as to their authority to appear for the plaintiffs. Defendants did not appear. Plaintiffs declare upon all the common counts in *assumpsit*, as in bill presented in court, and being sworn to, and the same was placed on file as evidence in the cause. Court held open for one hour and more, and defendants not appearing, and on the evidence presented and filed in the cause, judgment was rendered by me on the 29th day of July, 1893, against Grant Parker and

John W. Dunstan, defendants, and in favor of Dewitt C. Reed, Herbert C. Reed, and Moses Hill, plaintiffs, for the sum of one hundred and ninety-seven and eighty-five hundredths dollars damage, and five dollars and eighty cents costs of suit."

The only authority the justice had for the adjournment from July 18th to July 29th—a period of 11 days—must be found in section 720 of the Compiled Laws of 1897. That section reads:

"When an action on any contract or obligation shall have been or shall be brought before any justice of the peace of this State against two or more joint defendants, one or more of whom shall not reside or be found in the county where the suit shall be brought, and one or more of the defendants shall be served with process in the county where suit is commenced, and due proof of such service shall be filed with the justice of the peace before whom such suit is pending, upon application of the plaintiff in such action, at any time within four days from the return day of the writ by which such action was commenced, the justice shall issue one or more *alias* writs of summons or other writ whereby such suit was commenced, returnable not less than six or more than twelve days from date of issue, directed to the sheriff or any constable of the county or counties where such defendant or defendants not so served may be found; and the justice shall indorse on such *alias* writ or writs what defendant or defendants have been served in the county where such suit is commenced, as shown by the proof of service filed with such justice; and it shall be the duty of such sheriff or constable to serve such process not less than six days from the return day thereof, and make return thereof to the justice of the peace issuing the same: *Provided*, that it shall be the duty of the justice of the peace, on the return day of the first writ, to continue the cause upon his own motion, and without pleadings, until the return day of the *alias* writ or writs."

In speaking of a similar statute applicable to service of process issued by a circuit court upon defendants out of the county, this court, in *Baxter* v. *Kent Circuit Judge*, 92 Mich. 293 (52 N. W. 295), said:

"The general rule is that service of process can only be

made in the county of its issue. The proceeding contemplated by this section is special, and parties acting under this statute must keep within its terms. * ,* * 'A defendant has a right to know from the record whether he is subject to the jurisdiction.' *Denison* v. *Smith* 33 Mich. 155."

The record of the justice in this case does not show that the action was on any contract or obligation. While it does show that one of the two defendants was served in the county, and that the other was out of the county, it does not show in what county the defendant not served is to be found, or that the *alias* summons was, as required by law, "directed to the sheriff or any constable of the county * * * where such defendant * * * may be found," or that the justice indorsed on such *alias* "what defendant has been served in the county where such suit is commenced." It is a fair inference from the entries in the justice's docket that the *alias* served on defendant Dunstan in Oakland county was in form like those issued by the justice to officials in Genesee county. The justice had no right to adjourn the suit 11 days on the issuance of such an *alias,* and its service in Oakland county. It follows from this reasoning that the justice lost jurisdiction to render a judgment against defendant Grant Parker, and never acquired jurisdiction to render a judgment against defendant Dunstan.

The decree of the court below must be affirmed.

The other Justices concurred.