BROWN *v.* KNOP.

1. Justices of the Peace—Summons—Joint Defendants—Alias Writs.

Under 1 Comp. Laws, § 720, providing that when suit is brought upon contract against two or more joint defendants, one of whom shall not be found in the county where suit is brought, the justice shall, within four days from the return day of the writ, issue one or more alias writs of summons, it is not necessary that the officer's return should state that he had used due diligence to obtain personal service, and that, being unable to find the defendant, he had left a copy of the summons at his last place of abode.

2. Same—Adjournments—Jurisdiction.

A plaintiff in justice's court may adjourn the case without waiting an hour for the defendant to appear.

3. Same—Jurisdiction—Authority of Agent—Presumptions—Certiorari.

On certiorari to a justice's court, it will be presumed that the agent of the plaintiff, in the absence of the defendant, proved his authority to appear, if there is no showing in plaintiff's application or in the return of the justice to the contrary.

4. Time—Computation.

It is a general rule that when an act is to be done within a

certain number of days from a day, the day of the date is excluded.

5. SAME—ALIAS WRITS—JUSTICES' COURTS.
   1 Comp. Laws, § 720, providing for the issuing of alias writs of summons in certain cases in justices' courts, "within four days from the return of the writ," authorizes an alias to issue on the return day of the writ. *Reed* v. *Parker*, 134 Mich. 68 (95 N. W. 979), distinguished.

Error to Charlevoix; Mayne, J. Submitted April 12, 1904. (Docket No. 33.) Decided July 16, 1904; motion for rehearing submitted September 21, 1904; denied November 9, 1904.

Assumpsit in justice's court by Frank E. Brown and John Sehler, copartners as Brown & Sehler, against William Knop and Lewis Martin on promissory notes. There was judgment for plaintiffs, and defendants brought certiorari in the circuit court. There was judgment for defendants at the circuit, and plaintiffs bring error. Reversed.

This case was commenced in a justice's court for the county of Charlevoix, at the request of one Merriman, agent for plaintiffs. The summons directed the defendants to appear before said justice at his office in the township of Boyne Valley on May 20, 1902, at 2 o'clock in the afternoon. The deputy sheriff made return of the summons that he had served it personally on defendant Knop, and that "Lewis Martin, the defendant, not being found, the within summons was not served on him." On the return day Merriman appeared as agent for the plaintiffs. Defendants did not appear, and the justice, at request of plaintiffs, adjourned the case to May 28th, at 2 o'clock p. m., for the purpose of issuing an alias summons. The justice then issued an alias summons against both defendants, requiring them to appear before him May 28, 1902. Upon the back of this alias the justice indorsed that the defendant Knop had been served with process. The

officer returned this summons with the indorsement that, defendant Martin not being found in the county, it was not served. Plaintiffs appeared upon the return day by their agent, Merriman, at the appointed time, and declared orally upon all the common counts in assumpsit, and especially upon six promissory notes, describing them, executed by the defendants. The defendants did not appear, and, after waiting an hour, plaintiffs introduced their evidence through their agent, Merriman, and the justice rendered a judgment of $300. The defendants removed the case by certiorari to the circuit court for the county of Charlevoix, insisting that the justice had no jurisdiction to render judgment.

The defects alleged are:

(1) That the officer did not return to the original summons that he used due diligence to obtain personal service upon defendant Martin, or that said Martin had no last place of abode within said county, or that he left a copy of said summons at his last place of abode.

(2) That the justice lost jurisdiction by adjourning the case from the 20th to the 28th of May.

(3) That the agent, Merriman, did not prove his authority to act for the plaintiffs.

(4) That the justice did not wait an hour on the return day of the summons before adjourning the case.

The circuit court reversed the judgment of the justice, and the case is now before us for review.

*J. M. Harris*, for appellants.

*A. B. Nicholas* and *E. N. Clink*, for appellees.

GRANT, J. (*after stating the facts*). 1. It was not essential to the jurisdiction of the justice that the officer's return should state that he had used due diligence to obtain personal service, and that, being unable to find the defendant Martin, he had left a copy of the summons at his last place of abode. The statute (section 720, 1 Comp. Laws) provides that when suit is brought upon contract or obligation against two or more joint defendants, one of

whom shall not be found in the county where suit is brought, the justice may "at any time within four days from the return day of the writ by which such action was commenced, issue one or more alias writs of summons," etc.   The statute will be found in full in *Reed* v. *Parker*, 134 Mich. 68 (95 N. W. 979).   This statute does not require a copy of the writ to be left at the defendant's place of abode if he is not found within the county.   Those cases based upon statutes containing such requirements do not apply.   Such are *Segar* v. *Lumber Co.*, 81 Mich. 344 (45 N. W. 982); *Adams* v. *Abram*, 38 Mich. 302.

In *Brooks* v. *McIntyre*, 4 Mich. 316, under a statute similar to section 720, the return of the officer was the same as in this case, non est inventus, and was held to authorize a judgment joint in form against all the defendants.   See, also, *Gunzberg* v. *Miller*, 39 Mich. 80; *Fogg* v. *Child*, 13 Barb. 246.

2. The justice was under no obligation to wait an hour for the appearance of the defendant before adjourning the case for the purpose of issuing an alias summons.   The statute (section 836, 1 Comp. Laws) providing for a judgment of nonsuit in case the plaintiff shall fail to appear within an hour after the process was returnable, and the extension of that statute, by judicial construction, to a defendant (*Talbot* v. *Kuhn*, 89 Mich. 30 [50 N. W. 791, 28 Am. St. Rep. 273]), does not apply to cases of adjournment, but only when final judgment is to be taken.

3. The justice made no return as to whether Mr. Merriman gave evidence of his authority to appear as the agent for the plaintiffs.   It was incumbent upon the defendants, in applying for the writ of certiorari, to show that no evidence of such authority was produced, and to require a return of the justice thereon.   In the absence of such showing and a return, it will be presumed that authority was proved.   *Marquette, etc., Rolling Mill Co.* v. *Morgan*, 41 Mich. 296 (1 N. W. 1045); *Township of Fruitport* v. *Muskegon Circuit Judge.* 90 Mich. 20 (51 N. W. 109).

4. No error was committed by the justice in issuing an alias summons upon the return day of the writ. Counsel for the defendants insist that the alias summons must be issued within four days before the return day of the writ, excluding the day specified for the return. Whether the statute means four days before the return or four days thereafter, it is unnecessary to decide. The return was made upon the hour and day named—the usual practice— and the request for an alias summons and for the adjournment of the cause and the issuing of the summons were simultaneous acts. It is the general rule that when an act is to be done within a certain number of days from a day, the day of the date is excluded. *Inhabitants of Seekonk* v. *Inhabitants of Rehoboth*, 8 Cush. 371. It was said in *Cornell* v. *Moulton*, 3 Denio, 12, that when the question had arisen under rules of practice, the first day was generally excluded; but that in the construction of statutes the decisions had not been uniform either in England or America. It was said in *Cromelien* v. *Brink*, 29 Pa. St. 522: "The man who undertakes to reconcile the English decisions on the legal computation of time will find himself employed in an arduous work." This remark is quoted by the federal court in *Merritt* v. *Ona*, 44 Fed. 369 (11 L. R. A. 724), and the federal court say, "The remark may be applied with equal truth to the American decisions." It was said in *Lester* v. *Garland*, 15 Ves. 248, that there is no settled general rule as applied to statutes, and that the day of the event in a given case must be excluded or included, as may be most conducive to the beneficial operation of the act. 1 Wood on Lim. § 54. The purpose of this statute was to facilitate actions against joint defendants. The judgment is not conclusive against one not served. At the common law all defendants must be served. The execution issued under this statute must show the names of the defendants who were not served and do not appear. Their property cannot be seized under the writ. If the plaintiff desires to secure a service upon the other joint defendants, he must procure an adjournment under this

statute, and have an alias summons issued. The defendant served might naturally desire to have his codefendant brought in, and he has the right to appear at any time before judgment is rendered. *Ralston* v. *Chapin*, 49 Mich. 274 (13 N. W. 588). There is no reason in taking out an alias summons until it is determined whether the defendant not served will appear. We think the fair construction of this act is that the plaintiffs were entitled to an alias summons on the return day of the writ, and that that day should be counted as one of the four within which it might issue.

5. It seems to be contended by counsel for the defendants that the court lost jurisdiction to render judgment against the defendant Knop under the recent case of *Reed* v. *Parker*, 134 Mich. 68 (95 N. W. 979). The record in that case differs from the one in this in several important particulars. The record in that case did not show that the action was upon a joint contract or obligation, while in this it does. In that case the record shows that the defendant not served was out of the county, but did not show in what county such defendant was to be found, or that the alias summons, as required by law, was directed to the sheriff or constable of the county where he might have been found. Neither did it show that the justice indorsed on the alias which defendant had been served in the county where the suit was commenced. In this case such indorsement was made upon the alias, and it was issued upon a return non est inventus, and directed to the sheriff of the same county where the suit was commenced, and no service was made of the alias summons for the reason that defendant Martin was not found within that county. At the common law in actions ex contractu on joint obligations all the defendants must be served with process. The statute was aimed at two classes of cases— one where one or more of the defendants resided out of the jurisdiction, and presumably would not be found within it; and, second, where one or more shall not be found within the jurisdiction, though they may reside

within it.    In the *Reed Case* the defendant not served resided without the jurisdiction.    In this case the defendant not served was not found by the officer, and he so returned. Upon such a return the justice may issue an alias to the sheriff or proper officer of the same county, and continue the cause.    This was done, as the justice's docket and return show.    This was a full compliance with the statute. The *Reed Case* has no application to this.

The judgment of the court below is reversed, and that of the justice's court affirmed, with the costs of all courts to the plaintiffs.

MOORE, C. J., CARPENTER and MONTGOMERY, JJ., concurred with GRANT, J.    HOOKER, J., concurred in the result.

### ON MOTION FOR REHEARING.

PER CURIAM.    We are asked to grant a rehearing in this case on the ground that in attempting to distinguish this case from *Reed* v. *Parker*, 134 Mich. 68 (95 N. W. 979), we erroneously assumed that the alias summons was delivered to the sheriff of the county of Charlevoix, whereas it was in fact delivered to the sheriff of the county of Emmet.    This error does not affect the reasoning, in our opinion.    This case is distinguished from *Reed* v. *Parker*, supra, by the circumstance that the trial court, in adjourning the case and in issuing the alias summons, assumed, and had a right to assume,—this is shown by the direction in the alias, not by the return, subsequently indorsed thereon,—that the defendant not served would be found within the county in which the court was held.    In other words, the record in the case at bar shows an adjournment to enable service to be made in the home county, while in *Reed* v. *Parker*, supra, the record shows an adjournment to enable service to be made in another county.

Application for rehearing denied.