## HAWKINS *v.* CASTENHOLZ.

1. JUSTICES OF THE PEACE—VENUE OF TRANSCRIPT—AFFIDAVIT—
JUDGMENT.

   An affidavit for a transcript of judgment from justice s to cir-
   cuit court (3 Comp. Laws, § 848), sufficiently showed the
   venue and the parties, where it was entitled in justice's
   court, before the justice of the county named, and the names
   of the parties were given in usual order without stating
   which was plaintiff or defendant.

2. SAME—TRANSCRIPT OF JUDGMENT—SUFFICIENCY.

   And it sufficiently showed that the judgment was in favor of
   the parties plaintiff where one of the plaintiffs, as affiant,
   stated that the judgment was rendered in his favor; the
   failure to be more precise was not fatal.

3. SAME—SHORT SUMMONS.

   A short summons need not show upon its face that plaintiffs
   are nonresidents.

4. SAME—PROCESS—SUMMONS—ALIAS WRIT.

   After the return of a summons issued on February 20th,
   against several joint defendants, who were all served but
   one, the writ being returnable February 26th, and being re-
   turned on the 25th, showing one defendant not served, was
   properly followed by an alias summons which issued after it
   was too late to serve the original process, on the day before
   the return day.

5. SAME—CONTINUANCE—ALIAS SUMMONS.

   The justice was required by statute to adjourn the case on the
   return day until the return day of the alias summons, and
   did not lose jurisdiction by so doing.

6. SAME.

   Whether the return day of the alias writ was improperly made
   five instead of six days from its issuance was a point that
   could only be raised by the defendant who was to be served
   under the second writ, not by his codefendants.

Certiorari to Muskegon; Sessions, J.   Submitted Janu-
ary 16, 1912.   (Docket No. 74.)   Decided July 11, 1912.

Assumpsit by Lewis E. Hawkins and another in justice's court against Nicholas Castenholz, Daniel McNitt, and Andrew C. Smith, upon a promissory note. Plaintiffs issued a transcript to the circuit court. An order granting defendants' motion to quash the execution issued thereon and dismissing the transcript proceedings is reviewed by plaintiffs on writ of certiorari. Reversed.

*Corie C. Coburn* and *Thompson & Temple,* for appellants.

*Turner & Turner* for appellees.

McALVAY, J. Plaintiffs, copartners, recovered a judgment on March 2, 1901, against defendants, copartners, in justice's court in Muskegon county upon a promissory note executed and delivered to them by defendants. Upon this judgment in due course an execution issued and was returned unsatisfied. A transcript of said judgment was taken on February 20, 1907, to the circuit court for Muskegon county, upon which transcript an execution issued on February 28, 1911, to the sheriff of Ottawa county. The return to this writ of certiorari does not disclose what was done under and by virtue of this execution. (We find such statement made in the affidavit for certiorari.) It appears, however, that on March 16, 1911, one of said defendants, Daniel McNitt, by his attorneys, gave notice of a motion to be made by him to dismiss the transcript mentioned and recall the execution issued upon it. This appearance was for the purposes of the motion only. The reasons upon which the motion was based will be stated as they are discussed. This motion was heard before the court and granted. The transcript proceedings were dismissed and the execution recalled. From such order and judgment of the court the plaintiffs have removed the case to this court by writ of certiorari for review.

In passing upon the motion of defendant McNitt to dismiss the transcript and recall the execution, the learned

circuit judge did not file an opinion stating which of the reasons urged by defendant were considered sufficient. Appellant's contention is that none of them were well taken, and he claims that the court was in error upon all of them.

The first reason urged by defendant McNitt in his motion to dismiss the transcript and recall the execution was that the affidavit therefor had no venue, and it did not show that the judgment was rendered in favor of the plaintiffs and against defendants. This affidavit is entitled "In Justice Court," which is followed by the names of all the parties to the suit in proper order, but does not add the words plaintiffs and defendants. It then proceeds: "Before Patrick A. Murphy, One of the Justices of the Peace in and for the County of Muskegon, State of Michigan." This objection to the venue is purely technical and of no force. The above amounted to sufficient venue.

It is claimed that the affidavit does not show that the judgment was rendered in favor of the plaintiffs and against the defendants. The question is whether the judgment has been sufficiently described. The plaintiff Hawkins, who made the affidavit, describes himself as one of the above named plaintiffs, and—

"Says that there is now due and remaining unpaid upon the judgment heretofore on the 2d day of March, A. D. 1901, rendered in the above-entitled cause by John M. Carr, justice, in favor of this deponent against the above-named defendants, the sum of $275 exclusive of costs."

This is followed by giving the amount of the costs and setting forth all the statutory requirements of such an affidavit. This is an affidavit made by one of the plaintiffs. The judgment was in his favor as one of the plaintiffs. He has omitted to state that it was in favor of both of them. Such omission was not misleading and was not a fatal defect. The requirement of the statute (section 848, 1 Comp. Laws) relative to this affidavit provides that—

"The party in whose favor such judgment shall have been rendered  *  *  *  may make and deliver to the justice of the peace having control of such judgment, an affidavit stating the amount due on said judgment."

This objection cannot be sustained. The affidavit was sufficient. No other questions are raised as to the formalities of this transcript.

The next contention on the part of the defendant was that it appears from the justice's judgment and such transcript that the justice never had jurisdiction to render the judgment against defendant McNitt. The 11 specific grounds for such contention are grouped, and will be so considered as may be necessary.

A more intelligent consideration will be possible if the material matters contained in this transcript are briefly stated. The record of the judgment was in the control of a succeeding justice, who certifies correctly the entire transcript of the record. This transcript shows that this case was brought before John M. Carr, justice of the peace, giving correctly the names of the parties and naming them as plaintiffs and defendants. It appears that on February 20, 1901, summons issued returnable before the justice at his office in the city and county of Muskegon on February 26, 1901, at 9 o'clock a. m. On February 25th the summons was returned personally served on defendants Andrew C. Smith and Daniel McNitt by giving each a copy on the 21st day of February, 1901, in said county; and that defendant Nicholas Castenholz could not be found in said county. On the same date, February 25th, on request of plaintiffs, an alias summons was issued returnable at the same place on March 2, 1901, at 9 o'clock a. m. On February 26th, the return day of the original summons, at 9 o'clock a. m., the case was called at the justice's office.

"Plaintiff appeared by Attorney George S. Lovelace, and it appearing that the summons had not been served on one of the defendants, Nicholas Castenholz, and that alias summons had been issued by request of plaintiff's

attorney returnable on the 2d day of March at 9 a. m., cause was continued by the court to the 2d day of March, 1901, at 9 a. m. at my office aforesaid. Alias summons returned personally served on defendant Nicholas Castenholz by giving him a copy thereof in said county by V. O. Clinger. Deputy sheriff's fees $2.75."

The transcript further reads:

"March 2d 9 a. m. case called at my office. Plaintiffs appeared by Attorney George S. Lovelace, who proved his authority under oath to so appear, waited one hour, and there being no appearance made by or on the part of the defendant, I proceeded to trial of this case without a jury. Plaintiff declared orally on all matters and things provable under the common counts in assumpsit and specially on a certain promissory note filed herewith and claims damages $300 or under. George S. Lovelace was sworn and testified on part of plaintiff and cause submitted to me. I thereupon did forthwith render judgment against the defendants and in favor of the plaintiffs, for the sum of two hundred and seventy-five and $\frac{1}{100}$ ($275.01) damages and costs of suit.     Cost taxed, $7.35.

"JOHN M. CARR,
"Justice of the Peace."

From this transcript it appears that the original summons in the case was a short summons issued February 20th, returnable February 25th at nine a. m., and was personally served on defendants Smith and McNitt in Muskegon county on February 21st, and returned and filed February 25th, showing also that defendant Castenholz was not served because not found in the county. On this same date, February 25th, being too late to make service on him, the alias summons issued and was personally served on Castenholz the same day, in Muskegon county, and due return made.

On February 26th, the return day of the original summons, the justice, by reason of the fact that an alias summons had been issued, continued the case as provided by statute (section 720) until March 2d, at 9 a. m., the date and hour of the return of the alias summons.

The only question we find involved is whether by so

doing the court lost jurisdiction of the parties and could not render a valid judgment. Defendant McNitt contends that such act vitiated this judgment. Provision is made by statute that, if either plaintiff or defendant is a nonresident of the county, a short summons may be the process. The question of the residence of the parties is not at issue in this case. It has not been raised. A short summons need not show upon its face that plaintiffs are nonresidents. As has been said by this court:

"The statute does not require any such recitation. See *Allen* v. *Mills*, 26 Mich. 123. If the facts had not been such as to justify the use of a short summons, the defendants, on making the fact to appear, would have entitled themselves to an order dismissing the cause." *Stoll* v. *Padley*, 98 Mich. 13 (56 N. W. 1042). Approved in *Grand Rapids Nat. Bank* v. *Kritzer*, 116 Mich. 689, 690 (75 N. W. 90).

We have the situation, then, of plaintiffs in this case causing a short summons to be issued. The suit was on a contract against three joint defendants. Due and regular service was had on two of them. A return showed that the third contracting defendant could not be found in the county. A request by them for an alias summons was granted on February 25th, a day before the return day, and after it was too late to make service under the original summons. The statute in these cases provides that the application for an alias summons may be made at any time within four days from the return day of the summons. Whether this might be construed as including four days before the return day was, in a recent case, not considered necessary to be passed upon, evidently for the reason that it issued on the return day. There can be no reason against the construction that an alias summons might be issued in the case of contracting defendants at any time (within the statute) after the period for a lawful service on the defendant not served had expired. This can be no hardship to his codefendants. This court said:

"The purpose of the act was to facilitate actions against

joint defendants. * * * The defendant served might naturally desire to have his codefendant brought in." *Brown* v. *Knop*, 137 Mich. 234 (100 N. W. 466, 101 N. W. 227).

This court also in that case held a return to the original writ, in form as in this case, sufficient to warrant the issuance of an alias writ; and, further, that the justice was under no obligation to wait one hour for the defendant to appear before adjourning the case for the purpose of an alias summons.

In this case just cited, the statement of the court relative to when an alias might issue, in view of the statement made earlier that it was not necessary to be decided, must be considered as dictum. It was not necessary to the decision of the case. We think such a construction as above indicated to be a reasonable one. The provision of this statute is mandatory, that, having issued an alias writ, the justice *must* on the return day of the original writ continue the cause upon his own motion until the return day of the alias writ. The justice obeyed this mandatory provision and continued the cause. The court had obtained jurisdiction of the persons of defendants Smith and McNitt by due service of the original writ, and upon the return day, except for the intervention of an alias writ, could have entered a valid judgment upon this promissory note. They did not appear upon the return or upon the day to which the cause was continued, when judgment, as the record shows, was entered against all of the defendants; service having been had upon Castenholz under the alias writ. None of these defendants appealed from this judgment. The contention is that because of this claimed fault in this alias writ the court lost jurisdiction of the case.

In this case the alias writ was made returnable on the fifth day after its issuance, including the return day, and was served on the date it issued. About this proposition this entire contest centers. Defendant McNitt contends that the writ should have been returnable one day later.

In our opinion, under this statute it was a question which, after judgment, could be raised only by the defendant Castenholz. Smith and McNitt in no view of the case are prejudiced. They are in fact benefited, according to the view of this court as expressed in a discussion of the object of benefits of this statute, in *Brown* v. *Knop*, *supra*, and our conclusion is in accordance with the right and justice of the matter.

Our determination of the case is therefore that the transcript showed a good and valid judgment, and that the errors relied upon by appellants are sustained.

The judgment of the circuit court is reversed and set aside.

MOORE, C. J., and STEERE, BROOKE, STONE, and OSTRANDER, JJ., concurred. BLAIR and BIRD, JJ., did not sit.