## McINERNEY v. MYROLD

1. PROCESS—JUSTICE COURTS—NONRESIDENT DEFENDANT—SERVICE—STATUTES.

   The statute governing service of process from justice courts requires that an alias summons issue in order to obtain service on a non-resident joint defendant and also requires indorsement on the alias summons of the names of those defendants who have been served in the county where suit is filed and these provisions are mandatory where the joint defendant not served is a nonresident of the forum county (MCLA § 600-.6727).

2. COURTS—COMMON PLEAS COURT—PRACTICE—STATUTES.

   Practice and procedure in the Common Pleas Court of Detroit is governed by the provisions of existing laws relating to proceedings and actions before justices of the peace, except as otherwise provided in the common pleas court act (MCLA §§ 728.3, 728.19).

---

REFERENCE FOR POINTS IN HEADNOTES

[1–4] 42 Am Jur, Process § 8 et seq.

3. PROCESS—SERVICE—NONRESIDENT DEFENDANT—ALIAS SUMMONS— STATUTES.

Denial of corporate defendant's motion to quash service of process from Common Pleas Court of Detroit was error where it was undisputed that defendant was a nonresident of the county in which action was begun, that plaintiff had failed to obtain an alias summons and that the trial court had failed to indorse on the alias summons the names of the joint defendants served in the forum county as required by statute (MCLA §§ 600.6727, 728.13).

4. PROCESS—SERVICE TORTS—NONRESIDENT DEFENDANT.

'Statutory provision that process in any tort action involving the operation of motor vehicles may be served anywhere within the state wherever the party to be served may be found does not describe the manner of procuring service on a nonresident defendant and therefore does not eliminate the statutory requirement for Common Pleas Court of Detroit that an alias summons must issue when a defendant is a nonresident of the county where the action is filed (MCLA §§ 257.404, 600.6727).

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 May 4, 1970, at Grand Rapids. (Docket No. 6,414.) Decided May 26, 1970. Leave to appeal granted October 12, 1970. 384 Mich 762.

Complaint by Francis McInerney against Albert E. Myrold, Charles Hadder, Edward W. Ackerman, and Bill Henderson's Eastgate Chrysler Plymouth, Inc., for injuries sustained in an automobile accident. Motion by Bill Henderson's Eastgate Chrysler Plymouth, Inc., to quash service of process denied. Defendant corporation appeals. Reversed.

*Dee Edwards,* for plaintiff.

*Sugar, Schwartz, Silver, Schwartz & Tyler* (*Lawrence Warren,* of counsel), for defendant Bill Henderson's Eastgate Chrysler Plymouth, Inc.

Before: Fitzgerald, P. J., and J. H. Gillis and O'Hara,* JJ.

J. H. Gillis, J. Plaintiff commenced this action in the Common Pleas Court for the City of Detroit, claiming damages from defendants, jointly and severally, for injuries sustained in an automobile accident which occurred in Detroit. One of the four named defendants, Henderson's Eastgate Chrysler Plymouth, Inc. [hereafter appellant], is a Michigan corporation with its principal place of business in the city of Roseville, Macomb County, Michigan. Process was served on appellant by a Macomb county deputy sheriff. That process consisted of serving appellant's secretary with a copy of the original summons issued by Detroit common pleas court.

Appellant appeared and moved to quash service of process on the grounds that plaintiff had failed to obtain an alias summons; that such summons was required in order to secure service on appellant, since appellant was a nonresident defendant; and that the court had failed to indorse on the required alias summons the names of those defendants served in Wayne county.

Appellant's motion to quash was denied by order of Common Pleas Court; Wayne County Circuit Court affirmed. We granted leave to appeal. The sole question presented is whether common Pleas Court erred in denying appellant's motion to quash.

In the conduct of its judicial business, Common Pleas Court is governed by the common pleas court act, MCLA § 728.1, *et seq.* (Stat Ann 1962 Rev § 27.3651 *et seq.*), and by charter and statutory provisions not inconsistent therewith. See 14 Callaghan's Michigan Pleading & Practice (2d ed),

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

§ 124.02, p 562. And in such courts, practice and procedure is governed by the provisions of existing laws relating to actions and proceedings before justices of the peace, except as otherwise provided in the common pleas court act. See MCLA § 728.3 (Stat Ann 1962 Rev § 27.3653); MCLA § 728.19 (Stat Ann 1962 Rev § 27.3670); 14 Callaghan's Michigan Pleading & Practice (2d ed), § 124.10, p 568.

Among those existing laws governing judicial practice in justice courts is the following statutory provision:

*"When an action shall have been or shall be brought before any justice of the peace of this state against 2 or more joint defendants, 1 or more of whom shall not reside or be found in the county where the suit shall be brought,* and 1 or more of the defendants shall be served with process in the county where suit is commenced, and due proof of such service shall be filed with the justice of the peace before whom such suit is pending upon application of the plaintiff in such action, on the return day of the writ by which such action was commenced, *the justice shall issue 1 or more alias writs of summons* or other writ whereby such suit was commenced, returnable not less than 3 nor more than 21 days from the date of issue, directed to the sheriff or any constable of the county or counties where such defendant or defendants not so served may be found; *and the justice shall indorse on such alias writ or writs what defendant or defendants have been served in the county where such suit is commenced,* as shown by the proof of service filed with such justice * * * ."* MCLA § 600.6727 (Stat Ann 1962 Rev § 27A.6727). (Emphasis supplied.)

This provision governing service of process in justice courts requires that an alias summons issue in order to secure service on a nonresident joint defendant. It also requires indorsement on the alias sum-

mons of the names of those defendants who have been served in the county where suit is filed. Furthermore, when the joint defendant not served is a nonresident of the county in which the action is filed, the statutory provisions with respect to an alias summons must be strictly followed. *Reed* v. *Parker* (1903), 134 Mich 68; and see *Brown* v. *Knop* (1904), 137 Mich 234, 238, 239.

It is undisputed that appellant is a nonresident of Wayne county. It also appears from the record that plaintiff failed to secure an alias summons. Since no such summons was obtained, no indorsement was made of those defendants served in the county where suit was filed.

We conclude that denial of appellant's motion to quash was error. The service of process attempted here disregarded the mandatory requirements of the statute quoted *supra*. Moreover, we find nothing inconsistent in the common pleas court act obviating compliance therewith. On the contrary, plaintiff's failure to obtain an alias summons violated an express provision of that act:

"When it shall appear that service of such writ of summons was not had upon all defendants, *the clerk shall, upon application to him* not more than 15 days after the return of such summmons, *issue an alias summons,* which in proceedings in assumpsit and trespass on the case shall be made returnable within 90 days." MCLA § 728.13 (Stat Ann 1962 Rev § 27.3663). (Emphasis supplied.)

And see 14 Callaghan's Michigan Pleading & Practice (2d ed) § 124.11, p 569.

Nor does MCLA § 257.404 (Stat Ann 1968 Rev § 9.2104),** upon which plaintiff relies, eliminate the

____

** "In any tort action for the recovery of damages to person or property resulting from the operation of 1 or more motor vehicles, where the action is brought in the county where the cause of action arose, process from any court of record may be served anywhere within

requirement that an alias summons issue in this case. It merely indicates that process may be served anywhere within the state; it does not, however, describe the manner of procuring service on a nonresident defendant. On this question, the statute is silent. We therefore hold that the specific provisions of MCLA § 728.13 (Stat Ann 1962 Rev § 27.3663) and MCLA § 600.6727 (Stat Ann 1962 Rev § 27A.6727) govern the manner of service in this case, and that such provisions were not followed.

Since service of process upon defendant-appellant was defective, it follows that common pleas court lacked jurisdiction over the person of this defendant. Absent issuance of an alias summons properly indorsed, common pleas was without authority to entertain plaintiff's action against defendant-appellant. *Reed* v. *Parker, supra; Ray Jewelry Co.* v. *Darling* (1930), 251 Mich 157; *Millman Brothers, Inc.* v. *City of Detroit* (1966), 2 Mich App 161. The motion to quash should have been granted.

Reversed. Costs to appellant.

All concurred.

the state where the party upon whom service is to be made may be found."