Margarita **FUENTES**, individually, and as a class for all those similarly situated, Plaintiffs,

v.

Earl **FAIRCLOTH**, Attorney General for the State of Florida, and Firestone Tire and Rubber Company, Defendants.

No. 69–1359–Civ–WM.

United States District Court, S. D. Florida.

Aug. 21, 1970.

Economic Opportunity Legal Services, for plaintiffs.

Earl Faircloth, Atty. Gen., for State of Florida.

Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., for Firestone Tire & Rubber Co.

Shutts & Bowen, Miami, Fla., amici curiae for General Motors Acceptance Corporation.

Before DYER, Circuit Judge, and MEHRTENS and EATON, District Judges.

DYER, Circuit Judge:

Plaintiff brought this suit against Firestone Tire and Rubber Company

(Firestone) and the Attorney General of Florida [1] for declaratory and injunctive relief against continued enforcement of certain sections of Florida's replevin statutes, F.S. § 78.01, et seq., F.S.A. alleging that they are unconstitutional in that they authorize a taking of property without prior opportunity to be heard in contravention of the Due Process Clause of the Fourteenth Amendment and they authorize a search and seizure without the necessity of a search warrant in violation of the Fourth Amendment. Jurisdiction is founded on 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1343(3). A three judge court was convened. Testimony has been heard by the Court and a stipulation of facts and briefs have been filed. Plaintiff has moved for summary judgment. Having considered all the evidence and arguments the Court denies plaintiff's motion for summary judgment and, deciding the case on the basis of the record before it, enters judgment for the defendants.

In June, 1967, plaintiff purchased from defendant Firestone a gas stove. In November, 1967, she purchased a stereo set from Firestone. Both purchases were made under conditional sales contracts which provided in part that "in the event of default of any payment or payments, Seller at its option may take back the merchandise". On September 15, 1969, several months after plaintiff had fallen behind in her payments in the total sum of $204.05 and had received notice to pay or return the merchandise, Firestone pursuant to the procedure authorized in the statutes now under attack, submitted a complaint and affidavit in replevin in the Small Claims Court of Dade County, Florida, and posted a replevin bond.[2] The Small Claims Court issued a writ of replevin immediately which was executed without prior notice to plaintiff by a deputy sheriff on September 15.

The facts surrounding the actual execution, taken most favorably to plaintiff, show that the deputy sheriff had a communications problem with plaintiff since she spoke little or no English. Gradually, however, he was able to communicate his purpose and the effect of the writ. At this point, plaintiff's daughter-in-law, who lived in the same house with plaintiff, became "upset and emotional" and protested the repossession. She sent for Mr. Leon, the plaintiff's son-in-law, to assist her and the deputy agreed to wait. When Mr. Leon arrived he explained to the deputy in English that his attorney had advised him that a court proceeding was necessary before the merchandise could be repossessed and that, on his advice, he was not going to give up the property. The deputy "explained the effect of the writ to Mr. Leon, that he was obliged to repossess the stove and stereo in accordance with its terms." [3] Mr. Leon then agreed to the repossession and let the deputy, who until then had been standing outside on the front porch, and the two men from Firestone, who had been waiting outside in their truck until this time, into the house and showed them where the merchandise was located.

Shortly thereafter plaintiff filed the instant action. Although she admits delinquency in the payments she alleges that she has a meritorious defense to the repossession—apparently that the stove was mechanically defective and that Firestone has failed to make satisfactory repairs.

The specific sections of the Florida replevin statute which plaintiff attacks are F.S. §§ 78.01, 78.08, 78.10, 78.11 and

---

1. Also named as defendants were the sheriff and deputy sheriff of Dade County, who were charged with the responsibility of executing the writ of replevin upon which the instant controversy centers. This Court previously granted a motion to dismiss them as defendants.

2. Further proceedings in the Small Claims Court have been stayed pending the outcome of this federal suit.

3. Quoting from the stipulation of facts.

78.12, F.S.A.[4] Under these sections a person whose goods are wrongfully detained may, by posting a bond in twice the amount of the value of the property, have a writ of replevin to recover them (78.01, 78.04 and 78.07). The writ commands the executing officer to replevy the goods and to summon the defendant to answer the complaint (78.08). In executing the writ the officer shall publicly demand delivery of property secreted or concealed in any dwelling house or other building and if it is not then delivered he shall cause the building to be broken open and, if necessary, he shall take to his assistance the power of the county (78.10).

Relying primarily on Sniadach v. Family Finance Corporation, 1969, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349, which held that Due Process requires a prior hearing before wages may be garnished, and Goldberg v. Kelly, 1970, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, which held that due process requires a prior evidentiary hearing before a State may terminate welfare payments, plaintiff contends that the Fourteenth Amendment prohibits a conditional seller from repossessing property without giving the vendee the benefit of a prior hearing. We find neither case applicable to the replevin situation under scrutiny here.

The Tenth Circuit was recently faced with a similar Due Process objection to the Oklahoma replevin statute in Brunswick Corporation v. J & P, Inc., 10 Cir. 1970, 424 F.2d 100. Brunswick had sold bowling equipment to a bowling alley under a conditional sales contract. When the purchaser defaulted in payments Brunswick filed an affidavit for replevin and a replevin bond. The United States Marshal took possession of the equipment in the bowling alley building by rendering it inoperative by removing some essential parts. He then made constructive delivery to Brunswick who advertised the equipment for sale and sold it at public auction, after execution of the writ but before judgment was obtained in the replevin action. The Tenth Circuit rejected the Due Process attack on Oklahoma's replevin statute and we are in complete agreement with its reasoning:

[W]e find no merit in appellants' additional contention that under the recent Supreme Court case of Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) they have been the victims of a taking of property without the procedural due process required by the Fourteenth Amendment. Sniadach expressly was a unique case involving, "a specialized type of property presenting distinct problems in our economic system." That case involved wage garnishment without notice or hearing prior to judgment on a promissory note. It is not in the least comparable to the case here on appeal involving enforcement of a security interest. Appellants have contractually agreed that, upon default, their creditor Brunswick " * * * may take immediate possession of said property [collateral] * * [in the event of default]." Appellants admit that they were in default on the conditional sale, so they cannot now be heard to object to the default procedures they agreed to simply because Brunswick did utilize the legal process of replevin under bond." *Id.* at 105.

Plaintiff attempts to distinguish *Brunswick* on the ground that there two commercial parties had executed the conditional sales contract while in the instant case a commercial party and a private individual have contracted together. This is a distinction without a difference as far as Due Process is concerned. Plaintiff also attempts to distinguish *Brunswick* on the ground that the buyer there admitted "default" on the conditional sale. Plaintiff contends

---

4. F.S. §§ 78.11 and 78.12, F.S.A. are not really in issue here as they provide for replevin of property which has changed possession or has been removed from the jurisdiction of the court. Neither situation is involved here. Section 78.10 is not in issue either as will be seen later in this opinion.

that "default" is a technical term which goes beyond plaintiff's admission in this case of delinquency in payments. Plaintiff argues that if there has been a breach of contract by the seller (which she maintains there is) she cannot be in "default" for failure to make payments. Even assuming (without deciding) that this would ordinarily be so under state law, the contract between plaintiff and Firestone does not give Firestone the right to repossess in the event of mere "default"; it gives Firestone that right in the event of "default *of any payment or payments*". (Emphasis supplied). The contract thus defines "default" in terms of the seller's remedies if the buyer was behind *in payments* and plaintiff admitted delinquency in her payments.

■ Nor do we think that Goldberg v. Kelly, *supra* (which had not yet been decided on the date of the *Brunswick* decision), is of any assistance to plaintiff. Again, a special type of property was involved—welfare payments by the State:

> "Suffice it to say that to cut off a welfare recipient in the face of * * 'brutal need' without a prior hearing of some sort is unconscionable, unless overwhelming considerations justify it."

*Id.* at p. 261, 90 S.Ct. at 1017 (quoting three-judge district court opinion). The hardships facing the welfare recipient, like those facing one whose wages are garnished, are not present in the instant situation where goods purchased are replevied. Furthermore, the welfare situation is not at all comparable to a private contract providing for enforcement of a security interest.

■ In sum, we think that despite *Sniadach* and *Kelly* there are still situations in which prejudgment seizure of goods without a prior hearing is valid, see *Sniadach*, 395 U.S. at 340, 89 S.Ct. 1820, and that replevin pursuant to a contract which authorizes a conditional seller to repossess in order to protect his security interest in the goods which are the subject of the contract is one of those situations.

■ We also think the conditional sales contract in the instant case is dispositive of the Fourth Amendment question. We disagree with plaintiff's contention that the broader implications of cases like Camara v. Municipal Court, 1967, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930, and See v. City of Seattle, 1967, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (both holding the Fourth Amendment search and seizure provisions applicable to administrative inspections) vitiate the vitality of Murray's Lessee v. Hoboken Land and Improvement Co., 1856, 18 How. 272, 59 U.S. 272, 285, 15 L.Ed. 372, which said that the Fourth Amendment "has no reference to civil proceedings for the recovery of debts". But even assuming *arguendo* that the Fourth Amendment search and seizure provisions would otherwise apply to the issuance of summary civil process to satisfy a debt as contended by plaintiff, the essence of the contract in issue here is that one party may enter the premises of the other (whether by himself or through an officer who is executing a writ of replevin) in order to repossess property in which he has an interest. It may be that a forcible entry under these circumstances, pursuant to F.S. § 78.10, F.S.A., would not be legal or constitutional. But that is not this case and we do not decide this question.

■ This case involves a peaceable entry. Admittedly, plaintiff was reluctant to allow the entry. However, this fact does not change the character of the entry from peaceable to forced. Mr. Leon, who was speaking for the plaintiff, allowed the deputy to enter plaintiff's house to repossess the goods after the deputy explained the effect of the writ to him. Thus, the issue really boils down to this: Whether, absent authorization to break down the door or otherwise enter forcibly, the Fourth Amendment prohibits parties to a conditional sales contract from contracting for peaceable repossession. We think the answer is obviously an emphatic no. The Fourth Amend-

 

ment does not prevent private parties from contracting, as the plaintiff here did, that one may peaceably enter the other's house.

Plaintiff has cited to the Court many cases relative to both her Due Process and Fourth Amendment claims. Many of them are state cases which hold that *Sniadach* goes beyond wage garnishment to garnishment of any funds and that the presence of a bonding requirement (which was absent in *Sniadach*) before prejudgment garnishment is allowed is not a substitute for a prior hearing. We do not think any of these cases affect the result we reach on the Due Process issue because none deal with the enforcement of a security interest pursuant to a contract provision authorizing it. Blair v. Pitchess, No. 942, 966 Cal.Super.Ct., May 12, 1969 (final order entered November 25, 1969) did hold California's claim and delivery law unconstitutional on both Due Process and Fourth Amendment grounds. No authority was cited in that case, however, and, to the extent that *Blair* may be read as conflicting with our decision today, we disagree with it.

We hold that the Florida replevin statute, F.S. § 78.01 et seq., F.S.A., to the extent that its provisions were before the Court by virtue of an actual controversy in this case, is constitutional. The declaratory and injunctive relief sought by the plaintiff is denied and judgment will be entered for the defendants.

EATON, District Judge (dissenting).

I respectfully dissent. I believe the question of the constitutionality of § 78.10, F.S.A. is before the Court and that the pre-judgment replevin procedure established by §§ 78.01, 78.04, 78.07, 78.08 and 78.10, F.S.A., lacks the essential elements of due process.

When the state authorizes the forcible entry of a person's house prior to the establishment of the probable validity of a creditor's claim, it contravenes the Due Process Clause of the Fourteenth Amendment.

Further, when one signs a contract which includes the words "in the event of default of any payment or payments, seller at its option may take back the merchandise," he does not waive his Fourteenth Amendment right to "due process of law."