116 N.J. Super. 65 (1971)
280 A.2d 862
ALMOR FURNITURE & APPLIANCES, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF,
v.
LOUIS MacMILLAN, RUTH MacMILLAN AND JOHN DOE, BEING THE PARTY IN POSSESSION, DEFENDANTS.
Superior Court of New Jersey, District Court, Essex County.
Decided July 29, 1971.
*66 Mr. Joseph Samson for plaintiff (Messrs. Hellman & Samson, attorneys).
Mr. Richard N. Tilton of the Newark Legal Services Project, for defendants.
BEDFORD, J.D.C.
Plaintiff instituted these proceedings and obtained a writ of replevin, pursuant to the provisions of N.J.S.A. 2A:59-1 et seq., which was executed by a constable of the Essex County District Court. The writ was obtained by posting a bond in double the certified value of the property, and the property was taken into custody by the constable, who then filed his certificate setting forth the essential facts of the taking.
In April 1970 defendants purchased from the plaintiff household furniture consisting of a living room and a dining room suite, at a sales price of $1575 on which a total deposit of $500 was made. The balance was financed under a 36-monthly payment retail installment contract, which was in the amount of $1397.16 when the finance charge was added.
Defendants made certain payments but were in arrears in April 1971, and demand was made by mail for the immediate delivery of possession of the furniture to plaintiff, or that defendants pay the demanded balance of $1086.29. The property was taken on May 20, 1971, following which defendants sought legal advice from the Newark Legal Services Project and now move for a declaration that the replevin statute is unconstitutional. At a hearing on the motion, Aaron Schwartz, the Essex County District Court constable, testified that on May 20, 1971 he executed the writ by going to defendants' apartment and, with the permission of defendants' landlord, gained entrance through the services of a locksmith. Defendants were not at home. In the presence of two police officers, and with the assistance of movers provided by plaintiff, the furniture was taken and the writ left behind on a table in the living room. Defendants *67 now allege that additional property, not within the conditional sales contract, is missing and presumed taken. The constable has certified that only items within the contract were removed from defendants' apartment.
Defendant Louis MacMillan has filed an affidavit that he is presently unemployed, that defendants' sole source of income is $88 a week earned by his wife, and they cannot post a bond to obtain the release of the property. For the purposes of this motion, the truth of his affidavit is assumed.
Defendants raise three questions arising under the United States Constitution in support of their contention that our replevin statute is unconstitutional: (1) it denies "due process" in the taking of property because there is no requirement of notice or a judicial hearing prior to the taking; (2) it permits a violation of the Fourth Amendment prohibiting unreasonable searches and seizures, and (3) there is a denial of the equal protection of the laws guaranteed by the Fourteenth Amendment where defendants, by reason of poverty and lack of credit resources, cannot afford the replevin bond provided for in the statute.
Many of defendants' arguments are persuasive, especially in the light of the recent trend for consumer protection and the rights of the poor to equal application of the laws, some of which "rights" cost money. It may also be true that the replevin procedure, unchanged in its essential details for more than a century, was originally designed to test the true title to property associated with an entirely different era, e.g., wagons, logs, cows, timber, horses, etc. However, it has become, for good or ill, part of the fabric of our modern financing, ranging from furniture to cars, from commercial items to large industrial equipment; large and small property is sold, by retailers, wholesalers and manufacturers, on the basis of a secured interest and an installment payment plan. But for the availability to the seller-creditor of a procedure to obtain repossession, the property might not have been sold, or sold at the price of the installment contract.
*68 Apparently two courts have declared replevin laws similar to those of New Jersey to be unconstitutional, one a federal District Court, Laprease v. Raymours Furniture, 315 F. Supp. 716 (D.C.N.D.N.Y. 1970). The other is a Michigan Common Pleas Court, City of Detroit case, entitled Westinghouse Credit Corp. v. Edwards, cited to this court as appearing in CCH Poverty Law Reports, June 28, 1971, No. 13,366 at 12,977, but not reported officially, opinion dated November 30, 1970. In two states, Florida and Oklahoma, similar statutes have been held constitutional by federal courts: Fuentes v. Faircloth, 317 F. Supp. 954 (D.C.S.D. Fla. 1970), and Brunswick Corp. v. J. & P. Inc., 424 F.2d 100 (10 Cir. 1970).
Defendants rely on several United States Supreme Court cases in support of their position on the Fourteenth Amendment due process question: Windsor v. McVeigh, 93 U.S. 274, 23 L.Ed. 914 (1876) (seizure of rebel property during the Civil War); Coe v. Armour Fertilizer Works, 237 U.S. 413, 35 S.Ct. 625, 59 L.Ed. 1027 (1915) (writ of execution against a stockholder of defendant corporation against which the judgment had been obtained); Joint Anti-Fascist Committee v. McGrath, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (placing plaintiff on the Attorney General's subversive list without hearing); Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962) (eminent domain; jurisdiction acquired by notice by publication when defendant available for personal service); Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) (garnishment of one-half salary without notice under Wisconsin statute), and Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (changing welfare recipient's status without hearing). However, each is distinguishable as dealing with a special situation and cannot be completely analogized to the present issues.
No decision construing the New Jersey replevin statute has questioned its constitutionality. Indeed, the subject *69 seems never to have been raised. The statutory procedure arises out of old common law actions, and is related to detainer and trover. The present statutory scheme is derived from the Revision of 1877, with a modernizing review and reform in 1948. Apparently the section permitting the breaking into and seizure, N.J.S.A. 2A:59-4, has not been questioned since its inception.
Perhaps it is time to have a complete review of the performance of the replevin statute in light of commercial and financial transactions in the 1970's. However, this court does not feel that the security permitted and approved by the relatively recently enacted Uniform Commercial Code should be jeopardized by a sudden declaration of unconstitutionality of one of the remedies relied upon by sellers in security transactions.
It is true, as asserted by defendants, that the application of the Fourth Amendment against unreasonable searches and seizures was not decided in Fuentes v. Faircloth, 317 F. Supp. 954 (D.C.S.D. Fla. 1970), since the facts did not involve a breaking into and entering, as do the facts in the instant matter. However, defendants signed a contract which provided that, in the event of failure to make any of the payments, the entire balance would become due, and upon demand or notice the seller could retake the property "wherever located." In reliance on this and the replevin statute, plaintiff took defendants' conditionally sold furniture by a procedure sanctioned by the statute. A higher court should review the constitutionality of the statute, in view of the conflicting values in issue and the impact a declaration of unconstitutionality would have on credit purchases already transacted.
In the meantime, we do not feel that defendants are cheated out of their expectations. Almost every time-buyer knows, or is charged with knowing, "If you don't pay, they take it away." There remain protections for defendants in the trial of the action, in which all the defenses can be raised and decided in the county district court.
*70 The Attorney General of New Jersey was notified of the pending application in accordance with R. 4:28-4 and did not appear. Defendants' motion is denied and the matter should proceed to prompt trial.