INTER CITY MOTOR SALES v JUDGE OF THE COMMON PLEAS
COURT FOR THE CITY OF DETROIT

1. CONSTITUTIONAL LAW—DUE PROCESS—HEARING—DEPRIVATION OF
PROPERTY.

   Due process requires that a person must be given an opportunity
   for a hearing before he is deprived of any significant property
   interest except for extraordinary situations where a valid gov-
   ernmental interest is at stake.

2. CONSTITUTIONAL LAW—REPLEVIN—HEARING.

   The statute requiring a party seeking a writ of replevin to post
   bond, allege his entitlement to specific goods, and open himself
   to liability in damages if he is wrong is not a substitute for a
   prior hearing since the requirements test only the strength of
   the applicant's own belief in his right to possession.

3. CONSTITUTIONAL LAW—REPLEVIN—HEARING.

   The state has the power to seize goods before final judgment in
   order to protect the security interest of creditors so long as the
   creditors have tested their claim to the goods through the
   process of a fair prior hearing.

4. CONSTITUTIONAL LAW—REPLEVIN—HEARING.

   The hearing required prior to issuance of a writ of replevin must
   provide a real test as to the validity of the claim against the
   alleged debtor since the essential reason for the requirement of
   a prior hearing is to prevent unfair and mistaken deprivations
   of property.

5. CONSTITUTIONAL LAW—STATUTES—REPLEVIN—PRIOR HEARING—VA-
LIDITY.

   A replevin statute which fails to provide an opportunity for a
   prior hearing before chattels are seized from their possessor is
   unconstitutional as a violation of due process (MCLA 600.7301
   *et seq.*).

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law § 544.
[2, 4, 5] 46 Am Jur, Replevin § 75 *et seq.*
[3] 46 Am Jur, Replevin § 130.

Appeal from Wayne, Edward S. Piggins, J. Submitted Division 1 April 11, 1972, at Detroit. (Docket No. 12081.) Decided July 25, 1972.

Complaint by Inter City Motor Sales against Henry J. Szymanski, Judge of the Common Pleas Court for the City of Detroit, for an order of superintending control to obtain a writ of replevin for repossession of an automobile. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Balfour Peisner,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Edwin M. Bladen* and *Thomas J. Giachino,* Assistants Attorney General, for defendant.

Before: FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

FITZGERALD, P. J. This case involves an appeal by defendant, by leave granted,[1] from an order of superintending control issued June 10, 1971, by the Wayne County Circuit Court. By said order defendant was required to issue a writ of replevin[2] as prayed for by plaintiff.

Plaintiff, Inter City Motor Sales, Inc., sold a motor vehicle to Neville McKenzie pursuant to a contract providing for extended time payments and authorizing plaintiff to recover possession in

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] This Court granted defendant leave to appeal on September 30, 1971.

[2] The law of replevin is encompassed in the Revised Judicature Act of 1961, Chapter 73; 1961 PA 236; MCLA 600.7301 *et seq;* MSA 27A.7301 *et seq.*

the event of default in payments by the purchaser. The purchaser defaulted, whereupon, on January 21, 1971, plaintiff instituted replevin proceedings in the Common Pleas Court for the City of Detroit to recover possession of said vehicle in accordance with the terms of the contract. Plaintiff filed an affidavit, complaint, and bond as required by the replevin law.[3] Defendant refused approval of the bond on replevin and refused to issue the writ as requested. Defendant's refusal to grant plaintiff's requested relief was based upon his determination that the replevin law authorizing the recovery of property without notice or prior hearing was unconstitutional and that the same offended the due process requirements of Const 1963, art 1, §§ 11, 17 and US Const, Ams IV, XIV.

On January 21, 1971, plaintiff commenced an action in the Wayne County Circuit Court with a petition for a writ of superintending control, pursuant to GCR 1963, 711, requesting an order directing defendant to show cause why he should not

---

[3] MCLA 600.7309; MSA 27A.7309 provides in part:

"(1) The justice shall issue a writ of replevin whenever the plaintiff, his agent or attorney, shall make and file an affidavit with the justice, and give a bond, as prescribed herein.

"(2) The plaintiff, his agent or attorney, shall make and file an affidavit with the justice:

"(a) Setting forth that his personal goods and chattels, not exceeding in value of $300.00, have been unlawfully taken, or are unlawfully detained by any other person, specifically describing such property, and giving the value thereof, and

"(b) Stating that the plaintiff is lawfully entitled to the possession of said property, that the same has not been taken for any tax, assessment, or fine, levied by any law of this state, nor seized under any execution or attachment against the goods and chattels of such plaintiff liable to execution, and

"(c) Claiming damages for the detention of the same, or the taking of the same, not exceeding $300.00, in addition.

"(3) The bond required by (1) shall be filed with such justice with sufficient surety or sureties, to be approved by the justice. The bond shall be payable to the defendant in a penalty at least double the value of the property, as sworn to in the affidavit, and not less than $100.00."

be ordered to issue the writ of replevin. By answer to plaintiff's petition, filed February 5, 1971, defendant averred in part:

"6. Defendant * * * asserts that for the reasons stated in his opinion in *Westinghouse Credit Corp v Edwards,* being Common Pleas Court Case No. 4-067-510, which was started November 30, 1970, he was duty bound to refuse to approve the bond on replevin proffered by counsel for this plaintiff. A copy of said opinion is attached hereto as defendant's Exhibit 'A'.[4]

"7. Defendant denies that this plaintiff is entitled to have the writ prayed for in his petition for the reasons stated in his opinion referred to in Paragraph 6 hereof * * * Moreover, even if the statutes relating to replevin actions in justice courts, under which plaintiff now seeks relief, were held to conform to constitutional standards by this court plaintiff would still not be entitled to superintending control for the reason that the value of the goods which plaintiff now seeks to recover exceeds the limits set forth in Section 7309 of the Revised Judicature Act wherein it is stated that the value of such goods may not exceed $300."[5]

---

[4] In *Edwards, supra,* defendant stated in part:

"Among those sections of the [replevin] statute which appear to be offensive to present constitutional requirements are §§ 7307 *et seq* which provide the authority for prior hearing seizure; § 7315 which authorizes immediate execution and forcible entry of buildings and § 7317 which imposes severe restrictions upon a defendant's right to retain possession of the property by requiring him to post bond in a sum certain without allowing the exercise of judicial discretion to determine the reasonableness or the necessity for posting a bond or for allowing indigent defendants to exercise their rights to retain possession."

[5] Defendant incorrectly stated the jurisdictional limits applicable to common pleas court in replevin matters. The Common Pleas Court Act, 1929 PA 260; MCLA 728.1 *et seq;* MSA 27.3651 *et seq,* as amended, provides in part, in § 1 thereof:

"The common pleas court shall have and exercise concurrent jurisdiction with the circuit court of the county in which the common pleas court is located in all civil actions * * * now cognizable in the circuit court wherein the debt or damages do not exceed $10,000.00 * * * and where the value as set forth in the affidavit for a writ of replevin * * * does not exceed $10,000.00 * * * "

The common pleas court is governed by the provisions of existing laws relating to actions and proceedings before justices of the peace,

The Wayne County Circuit Court, in its opinion granting the writ of superintending control, held that the replevin statute does not contravene the constitutional requirements of due process nor violate the search and seizure protections.

On appeal defendant contends that the right to notice and a hearing prior to a taking of property is a fundamental right protected by the Federal Constitution and made applicable to the states by the Fourteenth Amendment. He claims that the Michigan replevin law, by failing to afford a replevin defendant a judicial hearing as to his right of ownership and right to retain possession of personalty prior to summary seizure thereof, operates as a taking of personalty in violation of due process.[6] Const 1963, art 1, § 17; US Const, Am XIV.

Plaintiff counters by asserting that due process requirements for the taking of property do not apply to a replevin action because the replevin plaintiff is re-taking his own property which has been unlawfully taken or detained by the replevin defendant, and that the right to a hearing, to which plaintiff concedes defendant is entitled when the law affects his substantive rights, does not require that the hearing be held before any action can be taken.

The circuit court, in its opinion, stated in part:

---

except as otherwise provided in the common pleas court act. See MCLA 728.3; MSA 27.3653; *McInerney v Myrold,* 23 Mich App 748 (1970).

[6] The Michigan replevin law does not provide for a hearing prior to seizure. MCLA 600.7309; MSA 27A.7309 provides in part:

"(1) The justice shall issue a writ of replevin whenever the plaintiff, his agent or attorney, shall make and file an affidavit with the justice, and give a bond, as prescribed herein."

MCLA 600.7315; MSA 27A.7315 provides in part:

"Upon the receipt of such writ, with the affidavit hereinbefore required annexed, the constable shall proceed to seize and take into his custody the property described therein * * * "

"[Defendant] ignores the specific contractual provisions, by the mutually agreed terms of which, plaintiff, in event of default by the purchaser, has the contracted right to *re-take* and *re-possess,* the unmistakable implication therein being that the property sought to be *reclaimed* or *replevined is not in fact the property of the replevin defendant until the mutually agreed contractual provisions have been fully complied with and until that time it is in fact the property of plaintiff who seeks its recovery.*

"[The action of replevin] is a possessory action, the gist of which is the right of possession in the plaintiff. In the event the taking is unlawful, compensatory damages are provided for. * * * Every legal definition of replevin sustains this principle that replevin means a *re-delivery to the owner* of the pledge or thing taken in distress.

\* \* \*

"For reasons unknown to this court, neither party cites *Fuentes v Faircloth,* 317 F Supp 954 (SD Fla, 1970) [probable jurisdiction noted, 401 US 906; 91 S Ct 893; 27 L Ed 2d 804 (1971)] precisely in point in relation to the legal issues here involved. * * * "

In recent decisions[7] in the consolidated cases of *Fuentes v Shevin* (formerly *Fuentes v Faircloth)*[8] and *Parham v Cortese* (formerly *Epps v Cortese),*[9] the United States Supreme Court considered the rulings of two three-judge Federal district courts in Florida and Pennsylvania respectively. 407 US 67; 92 S Ct 1983; 32 L Ed 2d 556 (1972). Those courts had each upheld the constitutionality of the Florida and Pennsylvania laws authorizing the summary seizure of goods or chattels in a person's possession under a writ of replevin. Like the Michigan replevin law, both statutes provided for the issuance of writs for the seizure of a person's

---

[7] June 12, 1972.

[8] 317 F Supp 954 (SD Fla, 1970).

[9] 326 F Supp 127 (ED Pa, 1971).

possessions, simply upon an *ex parte* application of another who claimed a right to them and posted a security bond. Also like the Michigan replevin law, neither statute provided for notice to be given to the possessor of the property, nor an opportunity to challenge the seizure at a prior hearing.

In those cases, the Supreme Court held that the prejudgment replevin statutes worked a deprivation of property without due process of law insofar as they denied the right to a prior hearing. The Court stated in part as follows:

"The right to a prior hearing has long been recognized by this Court under the Fourteenth and Fifth Amendments. Although the Court has held that due process tolerates variances in the *form* of a hearing 'appropriate to the nature of the case,' *Mullane v Central Hanover Tr Co,* 339 US 306, 313 [70 S Ct 652, 657; 94 L Ed 865, 873 (1950)], and 'depending upon the importance of the interests involved and the nature of the subsequent proceedings [if any],' *Boddie v Connecticut,* 401 US 371, 378 [91 S Ct 780, 786; 28 L Ed 2d 113, 119 (1971)], the Court had traditionally insisted that, whatever its form, opportunity for that hearing must be provided before the deprivation at issue takes effect. * * * 'That the hearing required by due process is subject to waiver, and is not fixed in form does not affect its *root requirement* that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest, except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event.' *Boddie v Connecticut, supra* [401 US at 378–379; 91 S Ct at 786; 28 L Ed 2d at 119]. (Emphasis in original.)

* * *

"To be sure, the requirements that a party seeking a writ must first post a bond, allege conclusorily that he is entitled to specific goods, and open himself to possible liability in damages if he is wrong, serve to deter wholly unfounded applications for a writ. But those

requirements are hardly a substitute for a prior hearing, for they test no more than the strength of the applicant's own belief in his rights.

\* \* \*

"There may be cases in which a creditor could make a showing of immediate danger that a debtor will destroy or conceal disputed goods. But the statutes before us are not 'narrowly drawn to meet such unusual condition.' *Sniadach v Family Finance Corp* [395 US 337, 339; 89 S Ct 1820, 1821; 23 L Ed 2d 349, 352 (1969)]. And no such unusual situation is presented by the facts of these cases.

\* \* \*

"Our holding \* \* \* is a narrow one. We do not question the power of a State to seize goods before a final judgment in order to protect the security interests of creditors so long as those creditors have tested their claim to the goods through the process of a fair prior hearing. The nature and form of such prior hearings, moreover, are legitimately open to many potential variations and are a subject, at this point, for legislation—not adjudication. Since the essential reason for the requirement of a prior hearing is to prevent unfair and mistaken deprivations of property, however, it is axiomatic that the hearing must provide a real test. '[D]ue process is afforded only by the kinds of "notice" and "hearing" which are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor *before* he can be deprived of his property \* \* \* .' *Sniadach v Family Finance Corp, supra,* 395 US at 343 [89 S Ct at 1823; 23 L Ed 2d at 355 (Harlan, J, concurring)]." 407 US at 82, 83, 93, 96–97; 92 S Ct at 1995, 2000–2003; 32 L Ed 2d at 571, 577, 579, 580.

In the instant case, this Court is constrained to follow the Supreme Court's pronouncements in the *Fuentes* and *Parham* cases and declare the Michigan replevin law unconstitutional insofar as it denies the right to a prior hearing before chattels are seized from their possessor.

Defendant's other contentions regarding the invalidity of the Michigan replevin law need not be considered herein in view of the disposition of the instant case.

Reversed and remanded for further proceedings consistent with this opinion. No costs, a constitutional question involving a statute being involved.

All concurred.