Pearline **JOHNSON**, on behalf of herself and all others similarly situated

v.

**GLENN'S FURNITURE COMPANY, INC., and H. A. Spruill, Individually, and in his capacity as Marshal of the Civil Court of Fulton County, Georgia, on behalf of himself and all others similarly situated.**

Civ. A. No. 16089.

United States District Court,
N. D. Georgia,
Atlanta Division.

July 31, 1972.

David A. Webster, Alden C. Harrington, Michael H. Terry, Atlanta, Ga., for plaintiff.

Claude E. Hambrick, Atlanta, Ga., for Glenn's Furniture Co. Inc.

Archer, Patrick & Sidener, East Point, Ga., for Spruill.

Don A. Langham, Asst. Atty. Gen., Atlanta, Ga., for State of Georgia as amicus curiae.

Before MORGAN, Circuit Judge, and SMITH and MOYE, District Judges.

PER CURIAM.

In this class action, the plaintiff seeks injunctive and declaratory relief against the enforcement of foreclosure proceedings under appropriate Georgia law. A three-judge court was convened under 28 U.S.C. §§ 2281 and 2284. At the hearing on March 6, 1972, the parties stipulated all necessary facts and, after argument, the court issued a stay of all proceedings. pending the decision of the United States Supreme Court in Fuentes v. Faircloth, 317 F.Supp. 954 (S.D.Fla. 1970) (Three-Judge Court), deemed to be controlling. That decision having issued sub nom. Fuentes et al. v. Shevin, Attorney General of Florida, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, on June 12, 1972, the stay was lifted and all parties granted additional time to submit briefs; and the case is again before the court for ruling.

A reading of *Fuentes* indicates that the procedural due process right established therein is "an opportunity for a hearing *before* the State authorizes its agents to seize property in the possession of a person upon the application of another." At 80, 92 S.Ct. at 1994. Under the decision, the only task left for this court is to examine the state statutes under attack and to determine where they contravene this principle. In those instances where they do, they must fail.

An examination of the Georgia statutes challenged here, which govern the foreclosure against personal property under chattel mortgages, conditional sales contracts and other title retention contracts,[1] reveals that the scheme is es-

---

1. "67-701. *Manner of foreclosure; affidavit; execution.*—Mortgages on personal property shall be foreclosed in the following manner, to-wit: Any person holding a mortgage on personal property, and wishing to foreclose the same, shall, either in person, or by his agent, or attorney in fact or at law, go before some officer who is authorized by law to administer oaths, or a commissioner for this State residing in some other State, and make affidavit of the amount of principal and interest due on such mortgage, which affidavit shall be annexed to such mortgage, or to a copy thereof verified as correct by the affidavit thereon of the owner or his agent or attorney, and when such mortgage, or sworn copy with such affidavit annexed thereto, shall be filed in the office of the clerk of the superior court of the county wherein the mortgagor

sentially the same as that in Florida. They provide, of course, for the filing of an affidavit and bond by the creditor and the issuance of execution upon foreclosure (§ 67–701), the seizure of the goods without prior notice, and eventual sale (§ 67–703), unless the sale is arrested by an affidavit of illegality (§ 67–801) and the posting of a replevy bond in double the amount of the value of the property (§ 67–803). As *Fuentes* holds, it is the seizure under § 67–703 without prior hearing which is condemned and insofar as that section so provides, it is clearly unconstitutional.

However, as the court reads *Fuentes*, it does not prohibit the requirement of a bond as a pre-requisite to continued possession of the property by a debtor *after* a due process hearing which terminates in favor of the creditor. Thus it is conceivable that a constitutional scheme can be devised which allows the commencement of foreclosure under § 67–701, *the provisions for notice of hearing "at a meaningful time" before seizure,* and the current provisions for replevy under §§ 67–801 and 67–803. In this respect, we find nothing in *Fuentes* which denies a just creditor protection through a bond against the deterioration of his security pending final judgment once the debtor's default has been proven in a fair hearing. In those cases where the posting of bond is argued to be an impediment to due process it is in those instances where the bond was a prerequisite to the

---

resides at the date of the foreclosure, if a resident of this State, or where he resided at the date of the mortgage if not a resident of this State, it shall be the duty of such clerk to issue an execution directed to all and singular the sheriffs, or their lawful deputies, and coroners, commanding the sale of the mortgaged property to satisfy the principal and interest, together with the costs of the proceedings to foreclose the said mortgage. (Act 1799, Cobb, 571. Act 1839, Cobb, 572. Acts 1871–2, p. 20; 1882–3, pp. 74, 109.)"

"67–703. *Levy and sale of property.*—When the execution shall be delivered to the sheriff or his deputy, or coroner, as the case may be, he shall levy on the mortgaged property wheresoever the same may be found, and after advertising the same in one or more public newspapers weekly for four weeks before the day of sale, the said sheriff or his deputy, or coroner, shall put up and expose said property to sale at the time and place and in the same manner as govern in case of sheriff's sales. (Act 1799, Cobb, 571. Acts 1866, p. 163; 1880–1, p. 56)."

(and as authorized by § 67–1601)

"67–801. *Affidavit of illegality to mortgage in fi. fa.*—When an execution shall issue upon the foreclosure of a mortgage on personal property, as hereinbefore directed, the mortgagor or his special agent may file his affidavit of illegality to such execution, in which affidavit he may set up and avail himself of any defense which he might have set up, according to law, in an ordinary suit upon the demand secured by the mortgage, and which goes to show that the amount claimed is not due. (Act 1799, Cobb, 57)."

"67–803. *Replevy bond; postponement of* sale; trial of issue; pauper affidavit in lieu of bond.—When an affidavit of illegality shall be filed as in section 67–801 provided for, and the mortgagor or his special agent or attorney shall give bond, with good and sufficient security, in a sum not larger than double the amount of the execution levied (and when the property levied on is of less value than the execution, the amount of the bond shall be double the value of the property levied upon at a reasonable valuation to be judged by the levying officer), conditioned for the return of the property when called for by the levying officer, which bond shall be made payable to the plaintiff (who may sue thereon for condition broken), the levying officer shall postpone the sale of said property, and return all the proceedings and papers in the case to the court from which the execution issued, where the issue shall be tried as other cases of illegality, and the jury shall be sworn to give at least 25 per cent. damages to the plaintiff on the principal sum in case it shall appear that the affidavit was made for delay only. When the mortgagor shall be unable from poverty to give the bond and security as required, and shall make affidavit of the fact, stating also in said affidavit that he has been advised and believes that his grounds of illegality will be sustained, such affidavit shall be accepted by the levying office in lieu of the bond and security hereinbefore provided for; but the property shall remain in the hands of the levying officer, unless sold under special order of court as in cases of property that is perishable or that is expensive to keep or liable to deteriorate from keeping. (Act 1799, Cobb, 571. Acts 1890–1, p. 81)."

hearing or "day in court" itself. See Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Blocker v. Blackburn, 228 Ga. 285, 185 S.E.2d 56 (1971).

The particular remedy to be fashioned is, of course, a matter for the state legislature. As stated by the Supreme Court, "Leeway remains to develop a form of hearing that will minimize unnecessary cost and delay while preserving the fairness and effectiveness of the hearing in preventing seizures of goods where the party seeking the writ has little probability of succeeding on the merits of the dispute." At 97 n. 33, of 407 U.S., at 2002 n. 33 of 92 S.Ct. Thus, "the requirement of notice and an opportunity to be heard raises no impenetrable barrier to the taking of a person's possessions. But the fair process of decision-making that it guarantees works, by itself, to protect against arbitrary deprivation of property." At 81, 92 S. Ct. at 1994.

 In the context of the proceedings here, it does not appear that §§ 67–701, 67–801, and 67–803 offended the principles of *Fuentes*. Of course, they are of little practical value standing alone, but there is no need to declare them unconstitutional unless plainly defective. The General Assembly of Georgia may or may not see fit to repeal them in connection with its corrective action.[2] In the exercise of judicial restraint it is axiomatic that no statute is adjudged unconstitutional except where absolutely necessary to dispose of the case. Ashwander v. TVA, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936); United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1946); Sanks v. Georgia, 401 U.S. 144, 91 S.Ct. 593, 27 L.Ed.2d 741 (1971); Belanger v. Great American Indemnity Co. of New York, 188 F.2d 196 (5th Cir. 1951).

Accordingly, it is adjudged and declared by the court that Georgia Code § 67–703 is unconstitutional and therefore void and of no effect and it is further ordered that the defendants and all others acting in concert or on their behalf be and they are hereby enjoined from proceeding thereunder in any fashion.

It is so ordered.

2. Until such time, a creditor must apparently enforce his rights in personal property by an action in debt or simple trover. Ga.Code § 107–101. Small v. Wilson, 20 Ga.App. 674, 93 S.E. 518 (1917). But not bail trover. Ga.Code § 107–201. Hall v. Stone, 229 Ga. 96, 189 S.E.2d 403 (1972).