GATES RADIO COMPANY v WJAN, INC

1. JUDGMENT—DEFAULT—VACATING JUDGMENT—DISCRETION.

Refusal of a trial judge to set aside a default judgment was not an abuse of discretion where the trial judge specified his reasons, taking each ground on which the defendants relied separately, and his reasons so specified were not arbitrary or capricious.

2. PLEADING—FRAUD—GROSS NEGLIGENCE—UNSUPPORTED ALLEGATIONS.

An allegation of fraud or gross negligence was totally without merit where the record reveals no basis to support the contention.

3. JUDGMENT—SUMMARY JUDGMENT—DEFAULT—REPOSSESSION—DUE PROCESS.

The granting of summary repossession in an action for repossession of personal property was proper and did not violate the due process clause of the Fourteenth Amendment where the defendants were not in possession of the property repossessed, they were not purchasers seeking to assert a defense on the merits, and had notice of the action to repossess.

4. JUDGMENT—DEFAULT—SETTING ASIDE—STANDING.

One defendant may not move to set aside the order of default as to another defendant who neither filed an appearance nor authorized anyone to act on its behalf where a default has been entered as to several defendants and the plaintiff consents to the setting aside of the default as to a moving party.

Appeal from Marquette, Bernard H. Davidson, J. Submitted Division 3 June 28, 1973, at Menominee. (Docket No. 15421.) Decided November 2, 1973. Leave to appeal denied, 391 Mich 785.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Judgments §§ 1158, 1180, 1189.
[2] 37 Am Jur 2d, Fraud and Deceit §§ 431, 434.
[3] 46 Am Jur 2d, Judgments §§ 84, 1078.
[4] 46 Am Jur 2d, Judgments §§ 679–691.

Complaint for repossession of personal property by Gates Radio Company against WJAN, Inc., Raymond Blomquist and Joyce Blomquist, doing business as Tri-City Broadcasters, and against Tri-City Broadcasters, Inc., for possession of personal property. Default judgment for plaintiff. Defendants appeal. Affirmed.

*McDonald & Weber,* for plaintiff.

*Aaron Lowenstein,* for defendants.

Before: R. B. BURNS, P. J., and QUINN and O'HARA,* JJ.

O'HARA, J. This action involves the repossession, prior to hearing, of property owned by plaintiff, Gates Radio Company, an Illinois corporation, from the premises of WJAN, Inc., an Illinois corporation, in Marquette County, Michigan, in accord with a chattel mortgage[1] and assumption agreement. The action was commenced by claim and delivery. GCR 1963, 757; see also MCLA 600.7301 *et seq.;* MSA 27A.7301 *et seq.* By this action, plaintiff sought recovery of $6,500 as the value of the property alleged to have been wrongfully held by defendants under claim of title or a return of the property. Following the entry of default judgment in favor of plaintiff, and the denial of defendants' motion for rehearing, defendants appeal.

This opinion can be written in three paragraphs or thirty pages dependent upon whose version of the appellate issues is accepted. The case has been before this Court on one prior occasion. It came up on an application for delayed appeal. The Court

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The Uniform Commercial Code is not applicable to the present action since the security device was created prior to the date on which the Code became operative. See MCLA 440.9991; MSA 19.9991.

denied the application but without prejudice to raising two issues on appeal from a final judgment after action thereon by the trial judge. The issues specified in the order were:

 · (1) Whether a default in a claim and delivery action brought against the three named defendants included specifically defendant Tri-City Broadcasters, Inc., and,

(2) Whether WJAN, Inc., was properly served with process prior to the entry of an order of default as to all named defendants.

We must of necessity interrupt what should be the logical sequence of this opinion to note that after the default was entered as to all defendants and a motion was made to set aside the default by the attorney for defendants Blomquist individually and doing business as Tri-City Broadcasters and Tri-City Broadcasters, Inc., counsel for plaintiff wrote a letter to the trial judge. In it he consented to the setting aside of the default *as to the defendants Blomquist.* The attorney for the Blomquists both individually and as Tri-City Broadcasters, Inc., in which corporation the two Blomquists were the only stockholders, prepared and presented an order which would have set aside the order of default as to them and also as to *defendant WJAN, Inc.*

To this counsel for plaintiff objected. His letter to the trial judge noted, and we quote:

"No one has appeared on behalf of defendant WJAN, Inc., but we wish also to consent to the setting aside *of this default if such action is requested by anyone."* (Emphasis supplied.)

He pointed out, and we think correctly, that his consent was limited to a *moving party* and that no appearance had been entered by WJAN, Inc., and

no motion to set aside the order of default had been made by it or by anyone authorized to act on its behalf. On oral presentation to us plaintiff's counsel emphasized that he was quite willing to accomodate a fellow practitioner and his clients but that this Galahadian offer did not extend to an unrepresented non-moving party. The case then seemingly came to a halt on dead center. Plaintiff's counsel finally withdrew his consent to setting aside the default as to all parties. The cause ended up on the no-progress docket in the January term of 1967. Plaintiff moved to dismiss for lack of progress. The trial judge denied this motion. In 1971 the Attorney General filed a copy of a brief which in general addressed itself to the issue decided by *Fuentes v Shevin,* 407 US 67; 92 S Ct 1983; 32 L Ed 2d 556 (1972), and *Inter City Motor Sales v Judge of the Common Pleas Court,* 42 Mich App 112; 201 NW2d 378 (1972).

The trial court, we think entirely properly, held:

"I am of the opinion that this issue is not properly before the court at this time for the reason that I am limited to the issues set forth in the order of the Court of Appeals dated July 2, 1968."

So now viewed from plaintiff's standpoint we have before us a very clear-cut, single issue. Did the trial judge abuse his discretion in declining to set aside the original default against the named defendants? He wrote to this point, taking each ground on which defendants Blomquist and Tri-City relied separately. We cannot find that his reasons so specified were arbitrary or capricious. We can find no abuse of discretion. As to this point we affirm the trial judge. Normally this should and would end the ball game.

However, since this case has been pending in the

trial court and ours and again back to the trial court for just short of ten years we will decisionally dispose of the other assignments of error relied on by defendants Blomquist and Tri-City under its assumed name and corporately. We do this for the express purpose that should application for leave be made to the Supreme Court, that Court will have before it our decisional disposition on every issue of substance.

First, defendants (and from now on we mean defendants Blomquist and Tri-City) alleged in some kind of vague way that WJAN and plaintiff were guilty of fraud. Hours of judicial manpower reviewing a ten-year-old record simply do not reveal any basis supporting this contention. We find it totally without merit.

Second, defendants allege that Gates Radio as a senior lienor violated the duty owed to the defendants as junior lienors. This contention requires a showing of fraud or gross negligence. It amounts in effect almost to conversion. The record is devoid of any basis for so finding. This specification of error we find devoid of merit.

Third, defendants rely on *Fuentes* and *Inter City, supra,* to support their claim of illegal repossession. We think their reliance is misfounded. First, *Fuentes* and *Inter City* deal with the rights of one in possession, in this case WJAN. This defendant entered no appearance, asserted no defense and took no part in the proceedings to set aside the default. We find difficulty in understanding what *Fuentes* right or rights defendants Blomquist and Tri-City are asserting.

The *ratio decidendi* of *Fuentes* was the manifest desire to protect purchasers from repossession on failure to make installment payments without being able to assert any defense on the merits as

to the right to suspend payment because of defects in or malfunction of the chattel purchased on installment payments. We read *Fuentes* and our necessary following thereof in *Inter City* to hold summary repossession before an opportunity is afforded the possessor to be heard is violative of the due process clause of the Fourteenth Amendment. This is a far cry from the situation in this case where the appellants were not in possession, were not purchasers seeking to assert a defense on the merits, and had at least actual notice of the action of the mortgagee to repossess the mortgaged chattel.

We have studied the ample briefs of the parties. We noted the vigorous oral presentation of counsel for appellants and his apparent deep commitment to his position. We simply find no rights of appellants that were violated. Hence, we hold that agreement with the trial judge is mandated by the record.

Perforce, we affirm. Costs to plaintiff-appellee.

All concurred.